Bernard R. BARKAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15559.

United States Court of Appeals Seventh Circuit.

June 9, 1966.

Certiorari Denied Oct. 10, 1966.

See 87 S.Ct. 170.

Bernard R. Barkan, in pro. per.

Richard E. Eagleton, U. S. Atty., Springfield, Ill., for appellee.

Before DUFFY, CASTLE and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the District Court denying appellant's motion made pursuant to 28 U.S.C. § 2255, to vacate and set aside his sentence. The motion was denied without a hearing by District Judge Omer Poos. On this appeal, petitioner was permitted to proceed *in forma pauperis* and the case was considered by us on the briefs without oral argument.

Petitioner's Section 2255 motion was properly addressed to Judge Poos who had sentenced petitioner upon his conviction of bank robbery. However, petitioner filed simultaneously what he called a "contemporaneous affidavit of bias and prejudice", accompanied by a motion for Judge Poos' disqualification under 28 U.S.C. § 144. Petitioner indicated he desired to call Judge Poos as a "hostile witness" at any hearing which would be held. In denying petitioner's Section 2255 motion, Judge Poos made no specific ruling on the Section 144 affidavit and motion.

In his Section 2255 motion, petitioner seeks to raise some issues which might have been claimed as errors upon a direct appeal from his conviction, but no appeal was taken.

Petitioner charges the Assistant United States Attorney made two misstatements of fact in the closing argument to the jury, but apparently no objections were made by petitioner's counsel who was a well-qualified trial counsel. Another charge made by petitioner which he considers entitles him to a hearing is that the indictment failed to allege he was an organized gangster operating habitually from one state to another and that local police forces were unable to cope with the situation. Petitioner uses eight pages of his reply brief belaboring this claim. At one point he emphasizes he is not questioning the sufficiency of the indictment but merely wishes the Court to apply the intent of Congress. The claim is certainly unique. However, we hold neither it nor the allegation of misstatements of fact by the Assistant United States Attorney affords a basis

for holding that petitioner was entitled to a hearing. Petitioner also charges that one Sam Rizzo testified falsely against him. This claim was covered in a previous Section 2255 motion, Barkan v. United States, 7 Cir., 305 F.2d 774, 776, cert. den. 371 U.S. 915, 83 S.Ct. 261, 9 L.Ed.2d 173, and may be disregarded here.

Inasmuch as petitioner is a layman, it may be helpful briefly to cite several propositions of law which are well settled in this Circuit, and are applicable to this case.

■ In Banks v. United States, 7 Cir., 287 F.2d 374, cert. den. 366 U.S. 939, 81 S.Ct. 1668, 6 L.Ed.2d 850, we stated at page 375: "A collateral proceeding under Section 2255 cannot be utilized in lieu of an appeal and 'does not give persons adjudged guilty of a crime the right to have a retrial on the question of the sufficiency of the evidence or errors of law which should have been raised in a timely appeal.' [Citation]."

In several cases, we have denied Section 2255 relief which was sought because of allegedly prejudicial statements made by prosecutors to which petitioners objected. Trumblay v. United States, 7 Cir., 278 F.2d 229, 233, cert. den. 364 U.S. 840, 81 S.Ct. 78, 5 L.Ed.2d 64; United States v. Koptik, 7 Cir., 300 F.2d 19, 23, cert. den. 370 U.S. 957, 82 S.Ct. 1609, 8 L.Ed.2d 823.

We hold that upon the showing made and in view of the previous Section 2255 motion which had been considered by Judge Poos and which had been appealed to this Court, the District Court was correct in denying petitioner's Section 2255 motion and in refusing to order a hearing.

There remains only the question of whether Judge Poos should have recused himself when petitioner filed an affidavit of bias and prejudice and a motion for Judge Poos' disqualification.

■ Under Title 28 U.S.C. § 144, an affidavit of bias and prejudice is insufficient if it is based upon prior adverse judicial rulings, Deitle v. United States of America, 7 Cir., 302 F.2d 116, 118, or on conclusions, opinions and subjective findings. Tucker v. Kerner, 7 Cir., 186 F.2d 79.

■ This section of the statute is directed to personal bias, which means an attitude of extra-judicial origin. Lyons v. United States, 9 Cir., 325 F.2d 370, 376, cert. den. 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738.

■ Except for reference to previous decisions adverse to him which were decided by Judge Poos, petitioner makes no showing of any bias or prejudice except to state at one point that he *feels* that the trial judge is anti-semitic. Petitioner admits he has no proof whatsoever to prove any such attitude. We hold that a mere conclusion drawn out of thin air was not sufficient to prevent Judge Poos from having considered petitioner's second Section 2255 motion. Although the Judge did not rule specifically on the affidavit of prejudice, we consider that he denied the motion for disqualification inasmuch as he proceeded to pass upon the merits of the Section 2255 motion.

We hold further that petitioner did not make a sufficient showing to cause Judge Poos to hold a hearing on his second motion under Section 2255, and that this motion was correctly denied.

Affirmed.