**Abolghasen Osee YASSINI et al., Plaintiffs-Appellants,**

v.

**David CROSLAND et al., Defendants-Appellees.**

**No. 80–4030.**

United States Court of Appeals, Ninth Circuit.

Jan. 29, 1980.

Peter A. Schey, Bill Ong Hing, Marc Van Der Hout, Nancy Howard, San Francisco, Cal., Jeffrey J. Rummel, San Francisco, Cal., Carolyn P. Blum, International Institute of the East Bay Oakland, Cal., Michael G. W. Lee, Polly A. Weber, San Francisco, Cal., for plaintiffs-appellants.

R. De Saint Phalle, Asst. U.S. Atty., San Francisco, Cal., for defendants-appellees.

Before KENNEDY, HUG and PREGERSON, Circuit Judges.

PER CURIAM:

In this action, the named plaintiffs sought a ruling that the Acting Commissioner of the Immigration and Naturalization Service could not revoke by directive plaintiffs' June 1, 1980 deferred departure date previously announced by the Immigration and Naturalization Service. The complaint contained class allegations. The district court, over plaintiffs' objections, certi-

fied a plaintiff class and then dismissed the action. Plaintiffs filed this appeal and sought an injunction pending appeal. Defendants responded and filed a motion for summary affirmance. We deem this appeal appropriate for expedited consideration and by this amended order we dispose of the motion for an injunction and of the appeal.

We vacate both the class certification and the judgment of dismissal and remand the case for further proceedings as to the individual named plaintiffs.

The certification of a class action under Fed.R.Civ.P. 23(b)(2) was improper in the absence of a common question of fact or law presently ripe for judicial determination. To begin with, although the Acting Commissioner's directive purported to deprive every plaintiff of the June departure date, that deprivation had significantly disparate effects. Some of the plaintiffs face immediate deportation unless they initiate administrative or judicial actions. Others merely face the commencement of deportation proceedings. Varied circumstances, no doubt, led individuals to accept the deferred departure date. Moreover, various alternatives or opportunities may have been bypassed in reliance on the deferred departure date. Although the deferred departure date was offered to a large group of Iranian nationals, each recipient had to act personally to take advantage of the offer. Consequently, fact questions unique to each individual would appear to predominate.

Secondly, the common question of law which plaintiffs alleged, and which the court apparently accepted as the basis for certifying the class, was not a question ripe for judicial determination. The named plaintiffs alleged that common to everyone given notice of the Acting Commissioner's directive was a question as to the validity of that directive. Plaintiffs' concerns as to the effect of that directive may, however, be alleviated through resort to a panoply of potential administrative remedies. Counsel for the I & NS has indicated to this court that questions of individual reliance on the original June departure date can be taken into consideration when requests for discre-

tionary relief are made before I & NS immigration judges and the Justice Department's Board of Immigration Appeals or the I & NS District Director, as appropriate. In light of these administrative remedies, plaintiffs' concern about a mass deportation is clearly unfounded. Moreover, since plaintiffs' individual concerns may very well be alleviated through resort to the administrative and judicial processes, there is no need for, and the trial court should have declined the opportunity to, pass on the constitutional questions raised concerning the validity, under the due process clause, of the Acting Commissioner's directive withdrawing the June departure date.

The trial court, in essence, sua sponte rushed to certify a (b)(2) class, without prior notice to counsel, and over plaintiffs' objections. *See* 3B *Moore's Federal Practice* § 23.40 at n.6 (2d Ed. 1979). Immediately thereafter, the court dismissed the action with prejudice. Since the court, by this disposition, purported to tie members of a nationwide class, ignorant to the proceedings, to an unnecessary constitutional ruling, both the class certification and the judgment of dismissal must be vacated.

This case is remanded to the district court for further proceedings as to the named plaintiffs. The district court should ascertain the factual issues relating to each named plaintiff, and, for each plaintiff, determine whether he or she has any administrative remedies which might be pursued to avoid the loss of the June departure date. If an individual plaintiff is without an administrative remedy, the district court is free, of course, to determine the individual plaintiffs' claims and to issue individual stays. We intimate no view as to the merits of any constitutional issue that might properly be presented in such proceedings. The deportation of any named plaintiffs is stayed through February 8, 1980 to allow the district court to consider named plaintiff's individual claims.