Jerry JONES, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 2–880A260.

Court of Appeals of Indiana,
First District.

Feb. 24, 1981.

James A. Neel, Indianapolis, for defendant-appellant.

Linley E. Peason, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Jerry Jones appeals his conviction by bench trial of three counts of violation of the Indiana Controlled Substances Act.[1] We affirm.

## STATEMENT OF FACTS

Jones and Gertrude Edelen were jointly charged with three counts of possession of narcotics. The information was filed September 30, 1975. On October 1, 1975, Jones entered a plea of not guilty. On October 10, 1975, he filed a motion for change of judge. Subsequently, Hon. Paul Jasper was selected as special judge and he qualified and assumed jurisdiction on October 27,

1. Indiana Code 35–24.1–4.1–1, since repealed and replaced by IC 35–48–4–1.

1975. Because Jones was in custody in Florida on another charge at the time, Edelen was tried at a bench trial before Judge Jasper on March 29, 1976, and was convicted. Jones later returned to Indiana and on July 17, 1979, appeared in court, waived jury trial, and orally moved that the special judge disqualify himself. The judge overruled the motion for recusal. Trial commenced before Judge Jasper on August 14, 1979. After the trial had begun, Jones renewed his motion that the judge disqualify himself. Neither of these oral motions for recusal stated any ground therefor. Jones was convicted on all three counts. Pursuant to order of the court granted under Ind.Rules of Procedure, Post Conviction Remedy Rule No. 2, Jones filed a belated motion to correct errors on April 30, 1980. The only issue in the motion to correct errors is that the court erred in overruling Jones' motion to disqualify himself.

## ISSUE

1. Did the trial judge err in denying the motion to disqualify himself?

## DISCUSSION AND DECISION

Jones predicates his motion for disqualification of the judge on the Indiana Code of Judicial Conduct, Canon 3(C)(1)(a) which provides:

"C. Disqualification

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ..."

▉ Jones contends that because Judge Jasper was the trial judge in Edelen's bench trial, he therefore had personal knowledge concerning this case and was required to disqualify himself. This, however, is an erroneous construction of the Canon. That personal knowledge which requires recusal is knowledge acquired from extrajudicial sources, not what the judge learned from his participation in the case. *United States*

*v. English*, (7th Cir. 1974) 501 F.2d 1254, cert. denied 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 811 (1975); *United States v. Mitchell*, (1974 D.C.D.C.) 377 F.Supp. 1312, cert. denied 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250, reh. denied 433 U.S. 916, 97 S.Ct. 2992, 53 L.Ed.2d 1103 (1977); *People v. Massarella*, (1979) 80 Ill.App.3d 552, 400 N.E.2d 436; *United States v. Winston*, (9th Cir. 1980) 613 F.2d 219. Further, the law presumes that a judge is unbiased and unprejudiced in the matters before him. *Leistikow v. Hoosier State Bank of Indiana*, (1979) Ind.App., 394 N.E.2d 225. The only prejudice which will disqualify a judge is a personal prejudice for or against a party. *Leistikow v. Hoosier State Bank, supra.* The record must show actual bias and prejudice of the judge against the defendant before a conviction will be reversed on the ground that the trial judge should have disqualified himself. *People v. Elmore*, (1979) 92 Mich.App. 678, 285 N.W.2d 417.

▉ Jones does not direct us to any specific instance in the record wherein actual prejudice of Judge Jasper is claimed to be demonstrated. He argues that because the judge had presided at the Edelen trial his rulings on Jones' motions to suppress, for a continuance, and on objections to evidence may have been improperly influenced. He makes no mention of any specific instance wherein the judge's rulings were based upon matters learned at the prior trial. Rather, his argument is that the mere fact of Judge Jasper's participation in the prior bench trial of the co-defendant, Edelen, precluded the same judge from participating in Jones' trial. Such clearly is not the law.

Both our Supreme Court and this court have held that participation of a judge in a probable cause determination does not necessarily disqualify him from trying the case on the merits. *State ex rel. French v. Hendricks Superior Court*, (1969) 252 Ind. 213, 247 N.E.2d 519; *Stiles v. State*, (1973) 156 Ind.App. 675, 298 N.E.2d 466. It has been specifically held that merely because a judge had found a co-defendant guilty in a

prior non-jury trial did not require the judge to recuse himself. *Carey v. State,* (1979) Md.App., 405 A.2d 293, *cert. denied* 445 U.S. 967, 100 S.Ct. 1660, 64 L.Ed.2d 244. Also, it has been held that a judge who presided at the trials of all co-defendants did not err in refusing to recuse himself in the trial of a remaining defendant. *United States v. Partin,* (9th Cir. 1979) 601 F.2d 1000. "A judge is not disqualified to try a case merely because he previously, in a separate proceeding, heard a case of a coparticipant or passed on the application of a codefendant for probation." *In re Richard W.,* (1979) 91 Cal.App.3d 960, 968, 155 Cal. Rptr. 11, 17. Nor does the fact that a judge has accepted a guilty plea in prior proceedings where the defendant was implicated disqualify him from hearing the case. *People v. Rider,* (1979) 93 Mich.App. 383, 286 N.W.2d 881; *United States v. Bernstein,* (2d Cir. 1976) 533 F.2d 775, *cert. denied* 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608. (*Cf., People v. Zappacosta,* (1980) App.Div., 431 N.Y.S.2d 96, wherein the court acknowledged the general rule but reversed because the judge, at the prior guilty plea hearing, actively elicited the co-defendants' statements incriminating Zappacosta.) The fact that a judge participated in an earlier trial of the same defendant does not preclude his participation in a later trial of the same charge or same defendant.[2] *United States v. English, supra; United States v. Harris,* (7th Cir. 1976) 542 F.2d 1283; *People v. Elmore, supra.* It has also been held that a judge's participation in pretrial competency hearing did not require the judge to recuse himself. *United States v. Winston, supra.*

It is clear from the foregoing authorities that Jones had no right to require Judge Jasper to disqualify himself merely because of the judge's participation in the prior trial of Edelen. Jones has not demonstrated any personal prejudice of the judge against him.[3] Judge Jasper did not err in refusing to disqualify himself in this case.

Judgment affirmed.

NEAL, P. J., and ROBERTSON, J., concur.

---

**2.** Indiana Rules of Procedure, Criminal Rule 12 permits a motion for change of judge to be filed after a case has been remanded for a new trial by the Supreme Court provided such motion is filed not later than ten (10) days after the party has knowledge that the cause is ready to be set for trial. Failure to comply with this time limitation would constitute a waiver of the right granted by this rule.

**3.** If Jones had knowledge of actual prejudice he could have made that a basis for a second change of judge motion under Ind.Rules of Pro-

cedure, Criminal Rule 12. That rule requires filing of the verified application as soon as such prejudice is discovered. Here, Jones never filed a verified motion. Further, he had known of Judge Jasper's participation in the Edelen trial in March 1976, since Jones' return to Indiana in May 1978. Judge Jasper had been the special judge since October 1975. Such a motion, if filed, would not have been timely when Jones first requested Judge Japser to disqualify himself.