0896

Roberta P. READING, Appellant v. Robert Thomson BALL, Jr., Respondent, and Robert T. Ball and Elizabeth M. Ball,[1] Intervenors-Respondents.

(354 S. E. (2d) 397)

Court of Appeals

---

[1] The parents of Mr. Ball were allowed to be joined as Intervenor-Respondents due to their having contributed to their son's financial obligation to Mrs. Reading.

*Edmonds T. Brown, III,* North Charleston, *for appellant.*

*Nancy D. Hawk,* Charleston, *for respondent.*

Heard Jan. 19, 1987.

Decided March 16, 1987.

SHAW, Judge:

Appellant, Roberta P. Reading, appeals a family court's interpretation of a prior family court order requiring her former husband, respondent Robert Thomson Ball, Jr., to pay their children's private school tuition. Reading also appeals the family court judge's failure to hold Ball in contempt and the judge's refusal to disqualify himself. We affirm in part and reverse in part.

In actions appealed from the family court, we may find facts according to our own view of the preponderance of the evidence. *Hendricks v. Hendricks,* 285 S. C. 591, 330 S. E. (2d) 553 (Ct. App. 1985).

On February 5, 1985, the family court issued an order requiring Ball to, among other things:

> ... pay for all private school expenses for both minor children as shown on the school bills and to include, tuition, lab fees, books and lunch. Said schooling to continue at Porter Gaud School for Robert and at

Charleston Day School, Porter Gaud, College Preparatory school or at any academically acceptable or comparable school for Mark.

The order noted the parties stipulated to this provision after negotiation. The order also required Ball to pay Reading $350.00 in attorney's fees. This was also stipulated by Ball. Reading brought this action seeking to have Ball held in contempt for failing to pay her attorney's fees and the children's tuition.

The family court judge refused to disqualify himself and refused to hold Ball in contempt of court. The judge also found the order dated February 5, 1985, is ambiguous regarding the private school tuition and accepted Ball's argument the agreement pertained only to the 1984-85 school year.

Canon 3(C)(1)(a) of the Code of Judicial Conduct, Rule 33, Rules of Practice of the Supreme Court, requires the judge to recuse himself when he "has a personal bias or prejudice concerning a party." The alleged bias must stem from an extrajudicial source and result in a decision based on other than what the judge learned from his participation in the case. *Payne v. Holiday Towers, Inc.*, 283 S. C. 210, 321 S. E. (2d) 179 (Ct. App. 1984). It is not enough for a party to allege bias; a party seeking disqualification of a judge must show some evidence of bias or prejudice. *Lyvers v. Lyvers*, 280 S. C. 361, 312 S. E. (2d) 590 (Ct. App. 1984). When no evidence is presented other than claimed "adverse" rulings by the judge, the judge is not required to recuse himself. *Payne v. Holiday Towers Inc., supra*. Adverse rulings, even if erroneous, are insufficient to establish a trial judge's bias or prejudice. *Butler v. Sea Pines Plantation Company*, 282 S. C. 113, 317 S. E. (2d) 464 (Ct. App. 1984).

In this case, Reading offered no evidence to support her claim of bias. Her entire argument on appeal of this issue consists of the following excerpt from her brief:

Given the ... Judge's refusal to accept the legally accepted bases of Appellant's arguments in his final decision against Appellant in the face of opposing authority

and evidence, it seems patently clear that the ... Judge was biased against Appellant and such bias, appearing so early in the proceedings before, must necessarily have stemmed from a prior, extrajudicial source.

The fact a judge rules against a litigant is not proof of prejudice by the judge, even if it is later held the judge committed error in his ruling. We find Reading's argument clearly frivolous and hold the family court did not abuse its discretion in refusing the motion to recuse.

The order of February 5, 1985, required Ball to pay Reading $350.00 in attorney's fees by March 4, 1985. Ball did not pay Reading until May 15, 1985. He testified he could not afford to pay the fees until that date. The family court, after considering all the evidence, found Ball was not in contempt of court. Contempt is a matter within the sound discretion of the trial judge and should be imposed sparingly. *Hicks v. Hicks*, 280 S. C. 378, 312 S. E. (2d) 598 (Ct. App. 1984). Based on the evidence in the record, we hold the family court did not abuse its discretion in refusing to hold Ball in contempt.

Finally, we hold the family court judge erred in concluding the February, 1985, order only obligated the husband to pay the children's school tuition for the 1985 spring semester.

Had the parties intended their stipulation to apply only to the 1984-85 school year, they could have easily said so. No such language of limitation appears in the order. Beyond the absence of any specified termination date; the language of the order indicates an intent the obligation continue through high school. The portion of the order dealing with school tuition uses the word "continue" and names several schools as potentially acceptable for one child. This language, along with the fact the children were well into the second half of the 1984-85 school year, is inconsistent with any interpretation limiting the order only to that year. Finally, the order left open the issue of the children's college education. It is reasonable to assume the order would have contained similar language leaving open the question of future school tuition if the parties intended their stipulation to cover only school tuition for the 1985 spring semester.

The family court erred in basing its interpretation of the prior order upon Mr. Ball's testimony that he understood school tuitions for future years would have to be the subject of new negotiations between the parties. No such provision appears in the prior order or in the record of the prior family court proceeding. The rule that a judgment which is ambiguous should be read in connection with the entire record and construed accordingly does not permit supplementation of the record by parol evidence. Although extrinsic evidence may be used to explain an ambiguous judgment, it may not be used to supplement the record on which the judgment is based. *See Drawdy v. Drawdy*, 285 S. C. 159, 328 S. E. (2d) 133 (Ct. App. 1985).

Affirmed in part; reversed in part.

GARDNER and BELL, JJ., concur.