623 A.2d 662

**KEENE CORPORATION et al.**

**v.**

**Honorable Marshall A. LEVIN.**

**Misc. No. 2, Sept. Term, 1993.**

Court of Appeals of Maryland.

April 28, 1993.

B. Ford Davis, Louis G. Close, Jr., Warren N. Weaver (Whiteford, Taylor & Preston, Baltimore), for appellants.

John J. Nagle, III (Power & Mosner) Towson, John B. Isbister, Gerry Hoban Tostanoski, Scott Patrick Burns (Tydings & Rosenberg), R. Bruce McElhone, David L. Palmer (Law Offices of Peter G. Angelos), Patrick C. Smith (Whiteford, Taylor & Preston), Edward F. Houff, Patrick J. Massari, Todd J. Suddleson (Church & Houff), Baltimore, Robert Dale Klein, Jack L. Harvey (Wharton, Levin, Ehrmantraut, Klein & Nash, Annapolis), for appellee.

Submitted to: MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

McAULIFFE, Judge.

In proceedings held in the Circuit Court for Baltimore City, a jury returned verdicts for compensatory damages in favor of plaintiffs in three consolidated personal injury asbestos cases.[1] The trial judge, Marshall A. Levin, adjusted the verdicts downward in two of the cases in accordance with his interpretation of Maryland's Uniform Contribution Among Joint Tort–Feasors Act, Maryland Code (1957, 1991 Repl.Vol.) Art. 50, §§ 16–24, and his reading of releases previously given by the plaintiffs to a defendant acknowledged to be a tortfeasor. Then, using "multipliers" previously found by a jury to reflect the measure of additional damages to be assessed against those defendants held liable for punitive damages, the trial judge added a verdict of punitive damages.[2] Although pending cross-claims had not been resolved, the judge certified that there was no just reason for delay, and directed the entry of final judgment as to the claims of the plaintiffs in each of the three cases. He further provided that "the payment of punitive damages ... [is] hereby deferred until all Baltimore City plaintiffs' compensatory damages are paid." The trial judge did not stay enforcement of the judgment for compensatory damages pending entry of subsequent judgments resolving the cross-claims. *See* Maryland Rule 2–632(d).

Keene Corporation and Porter Hayden Company, defendants against whom judgments were entered in each of the

---

1. The successful plaintiffs were: Virginia Leaf, individually and as personal representative of the estate of Lawrence Leaf; Donna Russell, personal representative of the estate of Ira Russell; and, Leggette and Geneva McNeil.

2. Four of the six defendants involved in these three cases have been adjudged liable for punitive damages. The multipliers found by an earlier jury range from $.35 for each dollar of compensatory damages to $2.50 for each dollar of compensatory damages.

three cases, filed a petition for writ of mandamus or prohibition in this Court. Petitioners complain that Judge Levin improperly entered final judgments that did not finally dispose of the claims, because they are entitled to further reduction of the plaintiffs' claims as a result of amounts paid to the plaintiffs by defendants who received joint tortfeasor releases.

Additionally, petitioners allege that Judge Levin committed error in severing from a pending "mini-trial" cross-claims against defendants who had recently settled with the plaintiffs in that case. Petitioners contend that unless this error is immediately addressed by issuance of an extraordinary writ of mandamus or prohibition they will suffer irreversible harm.

The "mini-trials" involved in this petition are scheduled parts of an overall plan for the handling of more than 8,500 consolidated asbestos-related claims in Baltimore City. Initially, issues common to all cases in this complex litigation were tried in a consolidated jury trial. Thereafter, trials were held to determine which, if any, of the defendants found generally liable should be held liable for punitive damages, and what the ratio of punitive to compensatory damages should be in the case of each such defendant. According to the plan, "mini-trials" involving approximately ten plaintiffs per trial would then be held to decide individual issues of injury, medical causation, product exposure, and compensatory damages. At some point, another consolidated trial would be held to determine general liability in connection with cross-claims for contribution, indemnity, and identification as joint tort-feasors, to be followed by mini-trials linking those findings to cross-claims in particular cases.

## I. *The Severance*

The severance about which petitioners complain occurred in connection with a "mini-trial" scheduled to begin on 23 March 1993, dealing with individual issues of injury, medical causation, product exposure, and compensatory damages.

Just prior to the scheduled commencement of that trial, two of the defendants settled with all of the plaintiffs, receiving releases that, it was represented to the court, will entitle any defendants found liable to these plaintiffs to a pro tanto reduction of the judgments if the settling defendant is adjudged to be a joint tortfeasor. Because the releases apparently do not contain an agreement that the settling defendants are joint tortfeasors, petitioners, who remain as defendants in the mini-trial and who have filed cross-claims against the settling defendants, wish to have the opportunity to prove, as part of the mini-trial, that the settling defendants are joint tortfeasors. *See Swigert v. Welk*, 213 Md. 613, 621–22, 133 A.2d 428 (1957). Petitioners contend that it will be much more difficult, time consuming, and expensive to attempt to prove the settling defendants are joint tortfeasors in a later consolidated trial of cross-claims and a required subsequent mini-trial. Judge Levin granted the settling defendants' request for severance of the cross-claims.

The short answer to petitioners' claim with respect to this severance is that we will not address it by the issuance of a writ of mandamus or prohibition. This portion of the petition seeks micro-management by extraordinary writ of complex litigation in a circuit court, and does not meet the extraordinary circumstances which we have said will justify the issuance of such a writ. *See Doering v. Fader*, 316 Md. 351, 558 A.2d 733 (1989); *In re Petition for Writ of Prohibition*, 312 Md. 280, 539 A.2d 664 (1988).

## II. *Entry of Final Judgment*

 Maryland Rule 2–602 permits a trial judge, under certain circumstances, to enter as a final judgment an order or other form of decision that would not otherwise constitute a final judgment. When an action involves multiple claims, for example, an order disposing of one but not all of the claims would not be a final judgment, but a trial judge could, under appropriate circumstances, direct the entry of that order as a final judgment. Rule 2–602 does not,

however, empower a trial judge to enter as a final judgment an order that disposes of less than an entire claim.[3]

> [T]he authorization ... for trial judges to make certain orders appealable, is limited to orders which, by their nature, have a characteristic of finality.

*Snowden v. Baltimore Gas & Electric,* 300 Md. 555, 563, 479 A.2d 1329 (1984). *See also East v. Gilchrist,* 293 Md. 453, 458, 445 A.2d 343 (1982); *Biro v. Schombert,* 285 Md. 290, 294, 402 A.2d 71 (1979); *Diener Enterprises v. Miller,* 266 Md. 551, 554–55, 295 A.2d 470 (1972). As we said in *Rohrbeck v. Rohrbeck,* 318 Md. 28, 41, 566 A.2d 767 (1989): "If a ruling of the court is to constitute a final judgment, it must ... be intended by the court as an unqualified, final disposition of the matter in controversy...."

■ Petitioners contend that the judgments entered against them following the verdicts in favor of the plaintiffs Leaf, et al. do not represent a final and unqualified disposition of the claims of those plaintiffs because the claims of the plaintiffs cannot be finally determined until the effect of releases given, before the verdict, to the other defendants is determined. The record is clear that these plaintiffs have settled with other defendants in connection with the same deaths or injuries for which they seek compensation from these petitioners, and have received money in connection with those settlements. The plaintiffs have given the settling defendants various kinds of releases, requiring either pro tanto or pro rata reduction of the plaintiffs' claims against petitioners if the settling defendants are determined to be joint tortfeasors. The relevant section of Maryland's Uniform Contribution Among Joint Tort-Feasors Act provides as follows:

> A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides; but

---

**3.** A single exception is made for an order entered pursuant to Rule 2–501(e)(3) granting summary judgment for some but less than all of the amount requested in a claim seeking money relief only.

*reduces the claim* against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid. (Emphasis added.)

Maryland Code (1957, 1991 Repl.Vol.) Art. 50, § 19. Thus, the potential legal effect of the releases already given is to reduce the claim of these plaintiffs against petitioners. All that remains to be done to calculate the extent of that reduction is to determine whether the released defendants are in fact joint tortfeasors as to these plaintiffs, and the appropriate reduction to be made to the plaintiffs' claims according to the provisions of the releases.

██ Until these further steps are taken, the true and final amount of the claims of the plaintiffs against these petitioners cannot be known. Under existing law, if any of the defendants to whom these plaintiffs have given releases are joint tortfeasors, the claim of the plaintiffs against petitioners *must* be reduced by at least the amount of money the plaintiffs have received from those joint tortfeasors, and perhaps more. Indeed, it is conceivable that the amount of money already paid to the plaintiffs by settling defendants may exceed the amount of compensatory damages awarded them in these cases, in which event the claims of the plaintiffs for compensatory damages would be wholly satisfied.[4] *Martinez v. Lopez*, 300 Md. 91, 96, 476 A.2d 197 (1984).

Under these circumstances, final judgment should not have been entered until the net amount of the plaintiffs' claims had been finally adjudicated in accordance with the

---

**4.** Punitive damages are not affected by the settlement of a joint tortfeasor. *Owens–Illinois v. Armstrong*, 326 Md. 107, 126–28, 604 A.2d 47 (1992). We have never held that a defendant who is liable for punitive damages forfeits entitlement to an adjustment of the compensatory damage verdict against him by reason of settlements entered into by joint tortfeasors, including joint tortfeasors who are not liable for punitive damages.

requirements of the Uniform Contribution Among Joint Tort–Feasors Act.[5]

■ Although we agree with petitioners that final judgment should not have been entered against them, the question remains whether utilization of the extraordinary writ of mandamus is appropriate to correct that error. We have said that this power is to be exercised with great caution. *Doering v. Fader, supra,* 316 Md. at 361, 558 A.2d 733; *In re Petition for Writ of Prohibition, supra,* 312 Md. at 305, 539 A.2d 664. Petitioners will not be left without a remedy if this petition is denied. They may appeal from the order designated as a final judgment,[6] and the propriety of the certification of final judgment of the trial judge will be addressed on appeal. Petitioners may apply to the trial judge for a stay of enforcement of the judgment pending disposition of the post-judgment motions, Maryland Rule 2–632(c), and to the trial and appellate courts for a stay pending appeal, Maryland Rules 2–632(e) & (g) and 8–422 through 8–424. Although the normal appellate process may not produce as swift and inexpensive a result as would the issuance of a writ of mandamus, we are not persuaded that the cost and delay attendant to following normal procedures will so prejudice the litigants as to justify the issuance of an extraordinary writ. In the instant case, we anticipate that the trial judge will, upon receipt of this opinion, vacate that part of the order entering final judgment, thus rendering an appeal unnecessary. *Cf. Quartertime Video v. Hanna,* 321 Md. 59, 65–66, 580 A.2d 1073 (1990).

---

**5.** We distinguish this case from one involving cross-claims for contribution or indemnity which have been severed from the principal trial where settlements have not been made by any of the defendants before verdict. Even though a defendant against whom a final judgment is entered may thereafter pursue cross-claims for contribution or indemnification, the judgment of the plaintiff against the defendant is not subject to modification or reduction based upon the outcome of the cross-claims.

**6.** Post-judgment motions were filed within ten days of the entry of the order, and are pending. Thus, the time for appeal has not yet begun to run. Maryland Rule 8–202(c).

*PETITION FOR ISSUANCE OF WRIT OF MANDA-MUS OR PROHIBITION DENIED, WITH COSTS.*