694 A.2d 480

Michael CHAPMAN

v.

STATE of Maryland.

No. 1447, Sept. Term, 1996.

Court of Special Appeals of Maryland.

May 30, 1997.

Nancy S. Forster, Assistant Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellant.

Mary Ann Ince, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General and Patricia Jessamy, State's Attorney for Baltimore City, on the brief), Baltimore, for Appellee.

Submitted before DAVIS and EYLER, JJ., and ROBERT C. MURPHY, Judge (retired), Specially Assigned.

EYLER, Judge.

Appellant, Michael Chapman, was convicted by a jury sitting in the Circuit Court for Baltimore City (Prevas, J., presiding) of possession with intent to distribute heroin and cocaine, possession of heroin and cocaine, conspiracy to distribute heroine and cocaine, conspiracy to possess with intent to distribute heroin and cocaine, and conspiracy to possess heroin and cocaine. He was sentenced to fifteen years imprisonment for the possession with intent to distribute heroin and cocaine convictions and a fifteen-year term for the conspiracy to distribute heroin conviction. All sentences were to run concurrently. The remaining convictions were merged for purposes of sentencing. Appellant noted a timely appeal and presents one question for our review:

Did the trial judge abuse his discretion in denying appellant's motion for recusal?

## FACTS [1]

On December 7, 1995, at approximately 1:30 p.m., Baltimore City Police Officer Lewis Ely was on uniform foot patrol when he observed a large crowd of people exiting the rear of a house located at 1907 East Eager Street. The officer, who testified at trial as an expert in the area of controlled dangerous substance "packaging and distribution and methods of operation in Baltimore City," testified that 1907 East Eager Street was "a known distribution point for narcotics in that area." The officer took a covert position in the vacant two-story house at 1907 East Eager Street, where he remained for approximately thirty minutes as three separate groups of fifteen to twenty individuals were served what appeared to be narcotics.

---

1. Appellant's sole challenge is to the denial of his motion for recusal; therefore, we set forth only a brief statement of the facts adduced at trial.

Officer Ely testified that he observed appellant collect money from the individuals who came to the residence and assemble them in the back yard. After a large enough group had gathered, appellant would direct his co-defendant, Gary Henry,[2] who was also in the yard, to retrieve the narcotics from a paper bag that was hidden under a plastic garbage bag filled with trash in the kitchen of the house. Henry would then return to the yard and hand out the suspected narcotics to the individuals who had paid appellant.

After the third group of individuals was served, appellant and Henry began to leave the area, walking down an alleyway and onto Chapel Street. Officer Ely radioed for backup and recovered the paper bag, which contained sixty-seven gelatin capsules of suspected heroin and seven green-topped vials of suspected cocaine. He then followed appellant and Henry onto Chapel Street. When Henry noticed the officer, he dropped a gelatin capsule of suspected heroin and a green-topped vial of suspected cocaine to the ground. Officer Ely then arrested both men. In a search of appellant's person incident to his arrest, the officer recovered $340. Subsequent laboratory analysis confirmed that the capsules and vials found in the paper bag did, in fact, contain heroin and cocaine.

## DISCUSSION

Prior to the start of trial, defense counsel moved for Judge John Prevas to recuse himself from presiding over appellant's trial, arguing that the judge had "presided over [appellant's] homicide trial where he was convicted and sentenced to 30 years, suspend 15." Appellant had been released on parole prior to the offenses in question. Judge Prevas responded:

If he [appellant] locks himself into a court trial where there is no jury, I will recuse myself. But if he takes a jury trial, they are the triers of fact, not me. All I do is rule on the motions and give the instructions, and I do not think recusal is necessary. So what does he want to do?

---

2. Henry, who was tried *in absentia,* is not a party to this appeal.

Counsel informed Judge Prevas that appellant wanted a jury trial. Judge Prevas then inquired of counsel, "Do you have any legal argument on the issue of whether I ought to recuse myself or not in a jury trial?" Counsel responded in the negative. Judge Prevas denied appellant's motion and in doing so engaged in a lengthy discussion on the law of recusal, which consumed almost thirty-three pages of transcript. Upon completing this recitation, Judge Prevas asked counsel why appellant believed the judge would be biased as a result of his having presided over appellant's previous trial and the following exchange occurred:

[DEFENSE COUNSEL]: Your Honor, it is most particularly because the facts of that case being the 30 years suspended—30 years, 15 of which were suspended—and he being on probation, too, you [sic] he has a feeling that, with all due respect to Your Honor, rulings which Your Honor might make might tend to result potentially in proceedings perhaps turning out not in his favor in front of a jury which would then cause Your Honor perhaps to feel less disposed to even handle the sentencing in order to get—

THE COURT: All right. So what it is is because the specter of a violation of probation is hanging over him, that somehow I will cloud my rulings in such a way as to guarantee a violation of probation. Is that the idea?

[DEFENSE COUNSEL]: It is a reservation.

THE COURT: All right. I deny the motion. I think the Maryland Court of Appeals ought to get an opportunity to address that issue. If I recuse myself, they will never have that opportunity. If I do not recuse myself, we could find out once and for all because, as I say, it is most critically important in those one-judge jurisdictions where if you are on the judge's probation and you get charged again, the tax payers [sic] then have to go to the expense of bringing a judge in from another county or sending you to another county, and that could get really cumbersome. Here, while I have 25 other colleagues and I could possibly move it there, we are all in gridlock. Any time we try to move

cases to other courts, it just results in delay, so the motion is denied.

Appellant contends that in failing to recuse himself, Judge Prevas abused his discretion because (1) he, in reality, failed to exercise his discretion; (2) he did nothing to alleviate appellant's concerns that he could not be impartial; and (3) even if the judge had no actual bias against appellant, there was an appearance of impropriety. We address appellant's allegations seriatim, but first set forth the law governing the recusal of a trial judge.

■ "It is well settled in Maryland that fundamental to a defendant's right to a fair trial is an impartial and disinterested judge." *Jefferson–El v. State,* 330 Md. 99, 105, 622 A.2d 737 (1993). The accused has a right to a trial in which the judge is not only impartial and disinterested, but who also has the appearance of being impartial and disinterested. *Scott v. State,* 110 Md.App. 464, 486, 677 A.2d 1078 (1996). Maryland Rule 16–813, Canon 3C(1)(a) of the Maryland Code of Judicial Conduct, reflects this principle and provides:

(1) A judge should not participate in a proceeding in which the judge's partiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

■ A party attempting to demonstrate "that a judge is not impartial or disinterested has a high burden to meet." *Scott,* 110 Md.App. at 486, 677 A.2d 1078. "This is so because there is a strong presumption in Maryland, and elsewhere, that judges are impartial participants in the legal process, whose duty to preside when qualified is as strong as their duty to refrain from presiding when not qualified." *Jefferson–El,* 330 Md. at 107, 622 A.2d 737 (citations omitted).

To overcome the presumption of impartiality, the party requesting recusal must prove that the trial judge has "a personal bias or prejudice" concerning him or "personal knowledge of disputed evidentiary facts concerning the proceedings." *Boyd [v. State,* 321 Md. 69, 80, 581 A.2d 1

(1990) ]. Only bias, prejudice, or knowledge derived from an extrajudicial source is "personal." Where knowledge is acquired in a judicial setting, or an opinion arguably expressing bias is formed on the basis of information "acquired from evidence presented in the course of judicial proceedings before him," neither that knowledge nor that opinion qualifies as "personal." *Boyd,* 321 Md. at 77, 581 A.2d 1 (quoting *Craven v. U.S.,* 22 F.2d 605, 607–08 (1st Cir.1927); [*Doering v. Fader,* 316 Md. 351, 356, 558 A.2d 733 (1989) ].

*Id.* at 107, 622 A.2d 737 (some citations omitted).

A party attempting to demonstrate that a judge does not have the appearance of disinterestedness or impartiality carries a "slightly lesser burden." *Scott,* 110 Md.App. at 487, 677 A.2d 1078. "Appearance of disinterestedness or impartiality is determined by 'examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.' " *Id.* at 487, 677 A.2d 1078 (quoting *Jefferson–El,* 330 Md. at 108, 622 A.2d 737 (citing *Boyd v. State,* 321 Md. 69, 86, 581 A.2d 1 (1990)). Finally, "[t]he recusal decision ... is discretionary and the exercise of that discretion will not be overturned except for abuse." *Jefferson–El,* 330 Md. at 107, 622 A.2d 737.[3]

### Did Judge Prevas fail to exercise his discretion?

Appellant first contends that Judge Prevas did not believe recusal was necessary, "not because of a lack of bias but

---

**3.** The facts of *Jefferson–El* should be noted but are distinguishable from the facts in this case. In *Jefferson–El,* the defendant was convicted of criminal charges and sentenced. After being released on probation, he was charged with new offenses and tried by a jury presided over by the trial judge who presided at the first trial. Following a jury verdict of acquittal, the trial judge criticized the verdict, calling it, among other things, "an abomination." Subsequently, the same trial judge presided over revocation of probation proceedings stemming from the earlier conviction. The Court of Appeals held that recusal was required because, based on the trial judge's criticism of the jury verdict, a reasonable person would probably infer that the trial judge was predisposed to revoke probation.

rather, because he believed the issue warranted review by the appellate courts." Appellant claims that the judge's statements reflect a conscious effort not to exercise his discretion and the refusal to exercise discretion when required to do so results in an abuse of that discretion.

■ Appellant is correct that when a trial judge is granted discretionary authority, he must exercise that discretion. *See In re Don Mc.*, 344 Md. 194, 201, 686 A.2d 269 (1996) ("The term 'discretion' means the absence of a hard and fast rule."); *Dennison v. State*, 87 Md.App. 749, 763, 591 A.2d 568, *cert. denied*, 324 Md. 324, 597 A.2d 421 (1991) (court may not simply apply a consistent rule to the case before it, which, in essence, is the refusal to exercise discretion); *Hart v. Miller*, 65 Md.App. 620, 627, 501 A.2d 872, *cert. denied*, 305 Md. 621, 505 A.2d 1342 (1986) ("When ... the trial court recognizes its right to exercise discretion but then declines to exercise it in favor of adhering to some consistent or uniform policy, it errs.")

■ In the present case, the record belies appellant's assertion that Judge Prevas declined to exercise his discretion. Although Judge Prevas believed that the Court of Appeals should address the issue raised by appellant's case, he recognized that the question of recusal was committed to his discretion. He also made several inquiries of counsel to determine the precise basis of appellant's motion, and reviewed the most recent United States Supreme Court and Maryland Court of Appeals cases on recusal. Indeed, Judge Prevas quoted from *Boyd v. State*, 321 Md. 69, 76, 581 A.2d 1 (1990), stating in relevant part:

> The question involved before us differs somewhat from that presented by [*Doering v. Fader*, 316 Md. 351, 558 A.2d 733 (1989) ]. We are here concerned with information acquired by the trial judge as a result of prior judicial proceedings involving codefendants, rather than information gained from a previous trial of the same defendant. We conclude, however, that the answer in each case is the same. The information was acquired during prior judicial proceedings

and is not, therefore, personal knowledge or bias requiring disqualification.

The judge also ended his discussion of the case law by informing appellant that he did "not have any specific recollection of [appellant]." Accordingly, Judge Prevas adequately exercised his discretion in denying appellant's motion for recusal.

**Was the presumption of impartiality overcome when Judge Prevas allegedly said nothing to alleviate appellant's concerns?**

Appellant further claims that Judge Prevas abused his discretion because after being informed of appellant's concerns regarding the judge's impartiality, Judge Prevas "said nothing to alleviate those concerns." Appellant also alleges that Judge Prevas's statement that he would recuse himself if appellant elected a bench trial "plainly suggests that Judge Prevas felt that the motion for recusal was meritorious."

■ In the present case, the presumption of impartiality was not overcome. As we explained in *Scott v. State,* 110 Md.App. 464, 486, 677 A.2d 1078 (1996), "[a] party who wishes to show that a judge is not impartial or disinterested has a high burden to meet." Judge Prevas, in discussing *Boyd v. State,* 321 Md. 69, 76, 581 A.2d 1 (1990), recognized that knowledge of or bias toward appellant gained in a prior judicial proceeding was not personal and, therefore, was not grounds for recusal. In addition, we reiterate that Judge Prevas stated that he did "not have any specific recollection of [appellant]." Judge Prevas, thus, addressed appellant's concerns.

Finally, it is of no moment that Judge Prevas agreed to recuse himself if appellant elected a bench trial. In *Nash v. State,* 69 Md.App. 681, 519 A.2d 769, *cert. denied,* 309 Md. 326, 523 A.2d 1013 (1987), the defendant requested that the trial judge recuse himself as he had presided at the defendant's previous trial at which the defendant was accused of committing similar offenses against the sister of the victim in the case

currently before the judge. This Court held that the trial judge did not abuse his discretion in denying appellant's request and explained:

It is well settled that a judge's previous participation in an earlier, related trial, is 'beside the point' where the judge is not acting as the fact finder in the present case, but rather simply presiding over its presentation to the jury. Indeed, even where the judge is to be the fact finder, there is no *per se* rule requiring recusal.

*Id.* at 686, 519 A.2d 769 (citations omitted). Accordingly, we perceive no abuse of discretion on the part of Judge Prevas in drawing a distinction between a bench trial and a jury trial in the present case.

**Was there an appearance of impropriety?**

Appellant contends that, because he was convicted of murder in a trial that Judge Prevas had presided over, was sentenced to thirty years, with all but fifteen years suspended, and placed on probation by Judge Prevas, and because he would face Judge Prevas again in a violation of probation proceeding, if convicted or possibly for being arrested in the present case, a reasonable person would have recused Judge Prevas. Appellant further claims that extending the privilege of probation is viewed as giving a "break" to the individual and that when an individual returns on a violation of probation, particularly for committing another crime, it "may be viewed as the defendant having taken advantage of the judge and his or her willingness to give the defendant a break." Under these circumstances, appellant alleges, Judge Prevas should have recused himself.

 Here, Judge Prevas had presided over appellant's murder trial and sentenced him to thirty years incarceration, with all but fifteen years suspended. In addition, upon conviction in the present case, appellant would appear before Judge Prevas for a violation of probation proceeding. Judge Prevas indicated that he had no "specific recollection" of appellant's prior case. Based on the record before us, there is nothing to support appellant's allegation that, because of the possibility of

**636**

a violation of probation proceeding sometime in the future, Judge Prevas would somehow color his rulings during trial to ensure that a violation of probation, *i.e.*, a conviction, resulted. A reasonable person knowing and understanding all the relevant facts would not have recused Judge Prevas.

**JUDGMENTS AFFIRMED. COSTS TO BE PAID BY APPELLANT.**