# WILLIAM JOHN FONTANA *v.* STATE OF MARYLAND

[No. 741, September Term, 1978.]

*Decided April 16, 1979.*

The cause was submitted on briefs to GILBERT, C. J., and LOWE and MELVIN, JJ.

Submitted by *Sanford Z. Berman* and *Pickett, Houlon & Berman* for appellant.

Submitted by *Francis Bill Burch, Attorney General, Alice G. Pinderhughes, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Robert Bonsib, Assistant State's Attorney for Prince George's County,* for appellee.

LOWE, J., delivered the opinion of the Court.

William John Fontana was indicted on March 2, 1977, charged with extortion, larceny, receiving stolen goods,

motor vehicle larceny, false imprisonment, conspiracy to violate narcotics laws, conspiracy to distribute, and several variances and counts of most of those offenses. He entered a general plea of not guilty and the case was set to be tried on July 25, 1977. Fontana's July 6, 1977, motion for continuance was granted on July 18, 1977, and the case was reset for trial on October 24, 1977. On October 13, 1977, a second motion for continuance by Fontana was granted and the case was set for trial on January 17, 1978. On January 9, 1978, a third motion was filed and continuance granted on January 17, 1978, until May 2, 1978.

On May 2, 1978, when appellant appeared for trial, he withdrew his not guilty plea and entered a plea of guilty, pursuant to a plea agreement, to one extortion count. Long and detailed questioning followed after which the court concluded that the plea was knowingly and voluntarily entered, and that appellant wished to plead guilty because he was in fact guilty. The plea was accepted, the verdict entered thereon, and presentence investigation was ordered with sentencing to be held on June 16, 1978.

When appellant appeared for sentencing on that date, he first moved for, and was denied, another continuance. He then moved to withdraw his guilty plea and to reenter his plea of not guilty. A hearing was held, pursuant to Md. Rule 731.f.3., during which the appellant stated his reasons for the request.

> "Well, I am not guilty of the charge. I am not guilty of the charges, as far as that goes, and I felt that I was being tried as a Pagan and not as an individual, and I felt under them conditions I would not receive a fair trial.
>
> Q. In your motion to withdraw the guilty plea you indicate that you were innocent of the offense, is that correct?
>
> A. Yes, sir."

He added that his decision to plead guilty was influenced by a codefendant.

> "Yes, sir. When he pleaded guilty he had talked

> to me and told me I should do the same because as we were Pagans, and the things they said in there about the Pagans and us in general, that he didn't think there was no way that we could go to trial and win on them conditions and he told me that he thought I should plead to it and take —"

This rather unclear reasoning was explained by his attorney.

> "I think that it is his desire to withdraw his plea because he feels that he wants an opportunity to allow the jury to hear his version of this particular incident. He feels that he is innocent of the offense. He feels that the witnesses that he can call in his behalf at the trial will absolve him from responsibility. And under those circumstances and in the interests of justice he desires to withdraw his plea."

The present rule in Maryland adopted for withdrawing a plea before sentencing reads:

> "When justice requires, the court may permit a defendant to withdraw a plea of guilty or *nolo contendere* and enter a plea of not guilty at any time before sentencing." Md. Rule 731.f.1.

This rule varies minimally, and apparently insignificantly, from its predecessor only in that the court's authorization was predicated under the former rule, Md. Rule 722, upon the court deeming the action "necessary in the interest of justice"; whereas, the present prerequisite to that authority is "[w]hen justice requires" it. *See Stevenson v. State,* 37 Md. App. 635, 636 (1977).

We have held repeatedly that the right to withdraw a guilty plea is a discretionary matter which will not be overturned unless abused. *Palacorolle v. State,* 239 Md. 416, 420 (1965); *Watson v. State,* 17 Md. App. 263, 267-268 (1973) (and cases cited therein); *Cashdan v. Warden,* 5 Md. App. 402, 405 (1968). However, there is no defined limitation of what will burst the presumptive bubble that the trial judge has properly

exercised his discretion in permitting or denying withdrawal. *See I. W. Berman Prop. v. Porter Bros.*, 276 Md. 1, 19-20 (1975).

Appellant would have us follow the federal examples of freely allowing the withdrawal of guilty pleas before sentencing where there is a fair and just reason for doing so, *see United States v. Roberts*, 570 F. 2d 999 (D.C. Cir. 1977), which appellant draws from the language of *Kercheval v. United States*, 274 U. S. 220, 224 (1927). *See also United States v. Young*, 424 F. 2d 1276, 1279-1280 (3rd Cir. 1970); *accord, United States v. DeCavalcente*, 449 F. 2d 139, 141 (3rd Cir. 1959). He acknowledges that such liberality is limited where the government has been prejudiced by reliance on the defendant's guilty plea. *United States v. Savage*, 561 F. 2d 554, 556-557 (4th Cir. 1977); *United States v. Harvey*, 463 F. 2d 1022, 1023 (4th Cir. 1972); *United States v. Tabory*, 462 F. 2d 352, 354 (4th Cir. 1972).

We are not averse to appellant's suggestion of liberality tempered by balancing the inconvenience to the court and prosecution against protecting the right of an accused to a trial. *Kadwell v. United States*, 315 F. 2d 667, 670-671 (9th Cir. 1963). In the instant case, however, there is little, if any, justification shown on the side of the accused in counterbalance to substantial prejudice to the State and inconvenience of the court.

The State's Attorney succinctly and persuasively set forth the counterbalancing prejudice:

> "Your Honor, if I may, I think one of the standards is the interests of justice, and I would point out to the Court that at the time this case came before Your Honor for trial on May 2, the case was almost fifteen months old. It had been continued a number of times and on that particular date the State was not only ready to go to trial but anxious to go to trial. We had at that point brought in witnesses from all over the country. We had two witnesses the U. S. Marshals had to bring in that were in Federal protective custody. One witness we had to have the U. S. Marshal bring down from the Danbury Federal

Correctional Institution. We had police officers from all over the State of Maryland involved here from the Maryland State Police.

Your Honor, it was a great amount of time, trouble and effort on the part of the State to bring these witnesses in from all these various different locations. And the only reason we did not proceed to trial on this date is because the defendant elected to plead guilty.

To permit him now to withdraw his plea of guilty will certainly prejudice the State and there is no real reason for it. The Court, as the Court will remember, went through that plea in great detail with the defendant and his codefendant, and the result of the Court's inquiry showed rather clearly, in fact, very clearly, he knew what was going on and that he understood what was going on. It was a voluntary choice on his part and he knew exactly what he was getting into. I suggest to the Court that to permit him to withdraw the plea of guilty now would be in effect to permit him to gain a continuance when the State was ready to proceed, which would be delaying this matter and the interests of justice are just not served in any way by permitting him to withdraw the plea in the instant case. We ask the Court to deny the motion."

In *Cohen v. State,* 235 Md. 62 (1964), the Court of Appeals addressed a similar question of whether the trial court had improperly denied withdrawal of a defendant's plea. Although *Cohen* involved a plea of nolo contendere (at the time of *Cohen,* guilty pleas were treated under former Md. Rule 722 and nolo contendere under Md. Rule 723), the Court based part of its analysis on cases involving guilty pleas. In doing so, the Court recognized that:

"These cases, though involving pleas of guilty, are analogous to the present case wherein a *nolo contendere* plea was entered, since a 'plea of nolo contendere is an implied confession of guilt, and for

the purposes of the case is equivalent to a plea of guilty.' " *Id.* at 69 (citations omitted).

The pleas' similarity, for withdrawal treatment, is further emphasized by the present inclusion of both pleas under Md. Rule 731.f.1. *Cohen* is therefore persuasive if not directive of the stand of review for the trial judge's denial of appellant's motion to withdraw his plea of guilty under Md. Rule 731.f.1.

In *Cohen,* the trial court had set a trial date and entered a plea of not guilty after the appellant refused to plead to any of the charges against him. The trial later had to be postponed due to preliminary motions filed by the defendant. At a hearing on preliminary motions, appellant decided to enter a plea of nolo contendere to one count in return for the nolle prosequi of the other counts pursuant to a plea bargain proposed by the State. The judge, who had to decide whether to accept the plea, heard statements by both defendant's counsel and the State; he then set a date for sentencing. On the day of sentencing, the defendant attempted to withdraw his plea and requested a trial. The court denied the motion and sentenced the defendant.

In addressing "whether or not there was an abuse of discretion in the trial judge's refusal to allow the appellant to withdraw his plea," *id.* at 69-70, the Court endorsed the trial judge's classification of the withdrawal as "the appellant . . . merely attempting to 'spar' with the court." *Id.* at 71-72. The Court found the judge justified in denying the withdrawal on that basis.

The present case factually provides even stronger reasons for upholding the presumption that the trial judge exercised his discretion properly in denying appellant's motion. *See I. W. Berman Prop. v. Porter Bros.,* 276 Md. at 19-20. *See also Mathias v. State,* 284 Md. 22 (1978) (attempted withdrawal of election of court trial for trial by jury; prejudice shown sufficient to uphold presumption that trial judge did not abuse his discretion in denying withdrawal).

In this case, the court had been delayed, and its time consumed with suppression and other preliminary hearings and motions in preparation for a trial that was then waived.

There had been three continuances over a fifteen month period. Additionally, unlike Cohen, appellant waited until the day of trial to change his plea to guilty. Presumably there was ready on that date, a jury standing by at appellant's prior election for a trial by jury. Witnesses were brought in from out-of-State in federal custody, requiring federal marshals in attendance. Additionally, State law enforcement officers had to leave their assigned duties in various jurisdictions of Maryland to participate. All of this appellant would have us reenact because he has once again changed his mind. If Cohen was "attempting to 'spar' with the court," Fontana is a contender challenging Cohen for his title.

He has shown nothing to outweigh the showings of prejudice to the State and inconvenience to the court. We find no abuse of discretion in the trial judge's denial of appellant's motion to withdraw his guilty plea under Md. Rule 731.f.1.

*Judgment affirmed.*
*Costs to be paid by the appellant.*