474 A.2d 890

**Jackie Kevin HARRIS**

v.

**STATE of Maryland.**

**No. 74, Sept. Term, 1983.**

Court of Appeals of Maryland.

May 8, 1984.

Gary W. Christopher and George E. Burns, Jr., Asst. Public Defenders, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Deborah K. Chasanow and Stephanie J. Lane, Asst. Attys. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

Jackie Kevin Harris entered pleas of guilty to murder in the first degree, two counts of armed robbery and a handgun violation, and was found guilty on all counts by the Circuit Court for Baltimore County. After a sentencing proceeding as prescribed by Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 413, the trial judge imposed a sentence of death for first degree murder and consecutive sentences totaling twenty years for the related offenses. On appeal to this Court, Harris raised numerous grounds for reversal of his guilty verdicts and sentences. He claimed, *inter alia*, that his guilty pleas were not made voluntarily, that he was denied effective assistance of counsel, and that his waiver of a jury for sentencing was not knowing and voluntary. We ruled that Harris's guilty pleas were made freely and knowingly, Maryland Rule 731 c., but that his jury waiver was not knowing and voluntary. We did not pass on the ineffective assistance of counsel claim because we believed that it would best be resolved in a collateral evidentiary proceeding such as a post conviction hearing. Accordingly, this Court affirmed the verdicts but vacated the death sentence and remanded for a new sentencing

proceeding. *Harris v. State,* 295 Md. 329, 455 A.2d 979 (1983).

Upon remand, and prior to the resentencing proceeding, Harris, who was represented by new counsel, filed a motion in the circuit court pursuant to Maryland Rule 731 f. 1. to withdraw his pleas of guilty.[1] The trial judge denied the motion, and a new sentencing hearing was subsequently held before a jury. Harris again received a sentence of death.

On this appeal, Harris challenges the trial court's denial of his motion to withdraw the pleas of guilty, and he raises several issues regarding sentencing. We shall hold that the trial court's order denying the motion to withdraw the guilty pleas should be vacated. Our decision on this issue makes it unnecessary to address Harris's other contentions at this time.

Harris's motion to withdraw his guilty pleas was based on distinct grounds. He alleged that the pleas were "involuntary, [that] he was denied his Sixth Amendment right to adequate representation, [and that] he was affirmatively misled by counsel concerning the consequences of trial and/or a plea in his case ...."

At the time the motion was considered by the trial court, Harris's attorney was permitted to make a proffer of the evidence he sought to introduce in support of the motion. He proffered that Harris would testify that he pled guilty because Darrell Russell, his counsel in the prior proceeding, told him that if he continued to maintain his innocence and went to trial, he would receive the death penalty. According to the proffer, Harris would further testify that he believed that he was pleading guilty to felony murder only.

---

**1.** Rule 731 f. 1. provides as follows:
   "f. *Withdrawal of Plea.*
   1. Before Sentencing.
   When justice requires, the court may permit a defendant to withdraw a plea of guilty or *nolo contendere* and enter a plea of not guilty at any time before sentencing."

Harris's attorney also proffered that Harris's mother would testify that Russell had called his home on two occasions to advise Harris that he should plead guilty to assure a life sentence and eventual parole. Finally, Harris's attorney proffered that Russell would testify that he had come to realize that he had erred in urging his client to plead guilty. Russell would state that he improperly assessed the significance of a co-defendant's statement which named a third party as the actual killer of the victim. Russell would further testify that he had understood that his client was pleading guilty to felony murder only, that he had overestimated his power to convince the court not to impose death, and that he had inadequately prepared the case.

At the conclusion of the proffer, the trial judge ruled that he would not hear the proffered testimony because, in his view, he lacked authority to entertain the motion on its merits. Specifically, the trial judge held that the voluntariness of the pleas had been settled by this Court in *Harris, supra,* and that the incompetency of counsel issue could only be raised in a post conviction proceeding. The trial judge also questioned his authority to consider the motion in light of the fact that this Court had remanded the "case solely for the purpose of resentencing."

■ It is well-settled that the granting of a motion to withdraw a guilty plea lies within the sound discretion of a trial judge, and his decision will not be overturned unless a clear abuse of discretion is shown. *Palacorolle v. State,* 239 Md. 416, 420, 211 A.2d 828 (1965); *Blinken v. State,* 46 Md.App. 579, 582–583, 420 A.2d 997 (1980), *aff'd.,* 291 Md. 297, 435 A.2d 86 (1981), *cert. denied,* 456 U.S. 973, 102 S.Ct. 2235, 72 L.Ed.2d 846 (1982); *Fontana v. State,* 42 Md.App. 203, 205, 399 A.2d 950, *cert. denied,* 285 Md. 729 (1979). In this case, however, we are not concerned with the trial judge's exercise of discretion. As discussed above, the trial judge did not entertain the merits of Harris's motion and deny it on discretionary grounds. Instead, the judge believed that he lacked authority to consider the merits of the motion because of this Court's prior opinion and mandate in

*Harris v. State, supra,* 295 Md. 329, 455 A.2d 979. In our view, the trial judge was mistaken insofar as the motion was based upon allegations of ineffective assistance of counsel.

■ Maryland Rule 731 f. 1. gives a court the authority to "permit a defendant to withdraw a plea of guilty ... and enter a plea of not guilty at any time before sentencing." When this Court vacated Harris's death sentence and re-manded the case to the trial court for a new sentencing proceeding, it had the effect of placing Harris in the same position he had been after being found guilty of murder but prior to initial sentencing under § 413. Consequently, as Harris stood convicted of murder but not yet sentenced for that offense, the motion to withdraw the guilty pleas could be made under the plain language of Rule 731 f. 1. There is nothing in the language of Rule 731 f. 1., nor in our cases applying the rule, which would indicate an intention to exclude from coverage a motion to withdraw a guilty plea made before resentencing following reversal on appeal.

Moreover, other jurisdictions, whose rules governing the withdrawal of guilty pleas are similar to Rule 731 f. 1., have sanctioned a trial court's authority to allow a change of plea before resentencing following the reversal of a prior sen-tence. *See Zaffarano v. United States,* 306 F.2d 707 (9th Cir.1962); *Mullins v. State,* 134 Ga.App. 243, 214 S.E.2d 1 (1975); *State v. Franks,* 391 So.2d 1133 (La.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981); *State v. Huttinger,* 182 Mont. 50, 595 P.2d 363 (1979).

Furthermore, there is nothing in our decision in *Harris v. State, supra,* 295 Md. 329, 455 A.2d 979, which would preclude the trial court from entertaining Harris's motion to withdraw his guilty pleas, to the extent that the motion was based on the alleged ineffective assistance of counsel. As previously pointed out, Harris offered different grounds for withdrawal of his guilty pleas. What his claims essentially amounted to were attacks on the voluntariness of his pleas and on his prior counsel's representation of him. Insofar as the motion challenged the voluntariness of the pleas under

the standards of Rule 731 c., our ruling in *Harris, supra,* *id.* at 335–337, 455 A.2d 979, that Rule 731 c. was satisfied, is conclusive of this issue. On the other hand, the claims of ineffective assistance of counsel were not ruled upon by this Court in the prior appeal. We declined to review Harris's claims of counsel incompetency because consideration of this matter would require evidence that was not part of the trial record. We expressed the view that the issue should not be resolved on a direct appeal from the guilty verdicts but should be left to collateral proceedings where additional testimony could be taken and further factual findings made. *Id.* at 337–338, 455 A.2d 979. Thus, it would have been entirely consistent with our decision in *Harris* for the trial court, upon the motion under Rule 731 f. 1., to have entertained the proffered testimony and considered the merits of his motion insofar as incompetency of counsel was alleged.

The trial judge, however, was apparently of the view that a proceeding under the post conviction statute, Art. 27, § 645(A), is the sole means for raising the ineffective assistance of counsel issue. Although we have consistently said that a post conviction proceeding is the preferable route for raising competency of counsel claims, we have always done so in the context of rejecting such challenges on direct appeal based exclusively on the criminal trial record. Because claims of counsel incompetency are rarely raised at trial, a collateral evidentiary hearing is generally needed to develop a complete record for proper determination of the issue.[2] In the usual case, a post conviction proceeding is most appropriate. *Harris v. State, supra,* 295 Md. at 337–338, 455 A.2d 979; *Johnson v. State,* 292 Md. 405, 434–435, 439 A.2d 542 (1982). *See Davis v. State,* 285 Md. 19, 36–37, 400 A.2d 406 (1979); *Curtis v. State,* 284 Md. 132, 150–151, 395 A.2d 464 (1978); *Jones v. Warden,* 244 Md. 720, 721, 224 A.2d 274 (1966).

---

**2.** Even in those rare instances when the defendant raises the issue at trial, the trial record is ordinarily not sufficient for resolution of the issue on direct appeal.

■ In this case, however, we are presented with a unique set of facts which justifies resolution of the ineffective assistance of counsel claims in a proceeding other than one under the post conviction procedure statute. Where, as here, the defendant has pled guilty to murder and related offenses and is awaiting a capital sentencing proceeding, where the ineffective assistance of counsel allegations relate to the guilty pleas and thus can be adjudicated in a collateral evidentiary proceeding under Rule 731 f. 1., where the defendant has made a detailed evidentiary proffer that his counsel was ineffective and that he was misled into pleading guilty, where the defendant is represented by new counsel, and where his prior attorney is available to testify concerning the prior representation, it is desirable for the trial court to resolve the claims of counsel incompetency in a Rule 731 f. 1. proceeding instead of delaying the matter until a post conviction application is filed.

Such procedure was utilized in *State v. Franks, supra,* 391 So.2d 1133. In *Franks,* the defendant pled guilty to attempted aggravated rape and armed robbery. His pleas were accepted by the trial judge, and he was sentenced to eighteen years for rape and thirty years for robbery, to be served consecutively. On appeal, the defendant alleged six errors, four of which challenged the validity of his guilty pleas and two of which contested his sentences. The Supreme Court of Louisiana declined to resolve the defendant's contentions with regard to his guilty pleas because the matter was not adequately reflected in the trial record then before the court for review. The court noted, however, that the same arguments might be raised in a petition for habeas corpus. *Id.* at 1135. The court then went on to consider the defendant's remaining contentions. The court found merit in the defendant's attack on his sentences, and thereby affirmed the verdicts but vacated the sentences and remanded to the trial court for resentencing. Prior to resentencing, the defendant Franks sought to withdraw his guilty pleas under La.Code Crim.P. art. 559, which is virtually the same as Maryland Rule 731 f. 1. One of the

grounds he urged in support of his motion was that he had entered the pleas solely upon the improper advice of his attorney. The trial court conducted an evidentiary hearing on his motion and, after consideration of the evidence, denied the motion on the merits. The defendant appealed the denial to the Louisiana Supreme Court, which upheld the trial court's action.

As in *Franks*, the appropriate method to resolve Harris's claims of ineffective assistance of counsel is to have the trial court determine the merits of such claims after an evidentiary hearing under Rule 731 f. 1.

Accordingly, we shall vacate the circuit court's order denying Harris's motion to withdraw his pleas of guilty, and remand the matter to the circuit court for an evidentiary hearing on the motion. We shall not disturb our previous affirmance of the verdicts, and those verdicts shall remain intact unless and until the circuit court, after the hearing, determines that Harris was denied his constitutional right to the effective assistance of counsel. If the circuit court finds that Harris was denied such constitutional right, the court should permit the guilty pleas to be withdrawn, should set aside the verdicts and sentences on the murder, robbery, and handgun charges, and should promptly schedule a new trial on these charges. If, on the other hand, the circuit court concludes that Harris was not denied his constitutional right to competent legal representation, it should deny the motion to withdraw the guilty pleas. We shall then review the death sentence as we are required to do by statute. *See* Art. 27, § 414(a).

ORDER OF THE CIRCUIT COURT FOR BALTIMORE COUNTY DENYING THE MOTION UNDER RULE 731 f. 1. VACATED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. MANDATE SHALL ISSUE FORTHWITH.