586 A.2d 51

**William CUSTER**

v.

**STATE of Maryland.**

**Misc. (Guilty Plea) No. 79, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Feb. 27, 1991.

Robert H. Waldman, Asst. Public Defender, Baltimore City, for applicant.

No response filed by appellee.

Submitted before WILNER, C.J., and BISHOP and ALPERT, JJ.

BISHOP, Judge.

On September 6, 1990, William Custer, the defendant, was convicted on a guilty plea in the Circuit Court for Baltimore City of storehouse breaking. At the conclusion of the hearing, he was committed to the custody of the Division of Correction for a period of four years. That sentence was suspended and he was placed on a three-year active supervised probation. On October 1, 1990, the defendant filed an application for leave to appeal from the judgment. Defendant did not state in his application the relief sought. He simply requested that we grant him "appropriate relief."

The application and record set forth the following facts. On September 6, 1990, defendant appeared in the circuit court for what was scheduled to be a contested trial. The

court began by inquiring whether a guilty plea could be negotiated. Defense counsel answered that he thought the case would have to be tried. The court was not satisfied with this answer and initiated a discussion with the prosecutor and defense counsel about the terms of a possible guilty plea.[1] In the course of this discussion defense counsel had two off-the-record conferences with defendant. After the second conference, defendant agreed to enter a guilty plea.

After it was agreed that the trial would proceed on a guilty plea, defendant took the stand and the court conducted the guilty plea *voir dire* required by Md. Rule 4–242(c).[2] *See generally State v. Brazle*, 296 Md. 375, 463 A.2d 798 (1983); *Hudson v. State*, 286 Md. 569, 409 A.2d 692 (1979), *cert. denied*, 449 U.S. 845, 101 S.Ct. 128, 66 L.Ed.2d 53 (1980). The defendant answered all of the *voir dire* questions in a way which suggested that he desired to plead guilty. The court then called upon the prosecutor to present a statement of the State's anticipated evidence. This statement of facts together with defendant's acknowledgment that the facts were correct were the last items which had to be placed on the record to qualify the plea. *State v. Priet*, 289 Md. 267, 275–79, 424 A.2d 349 (1981).

The prosecutor, as requested, addressed the court but, before he could present the statement of facts, defendant

---

1. For example, during this discussion the trial judge directed the following comment to defendant:

   If you are convicted in this case, you won't get probation, more than likely, based on what I just heard your counsel say. A bird in the hand is worth two in the bush.

2. Maryland Rule 4–242(c) provides:

   (c) **Plea of Guilty.**—The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. The court may accept the plea of guilty even though the defendant does not admit guilt. Upon refusal to accept a plea of guilty, the court shall enter a plea of not guilty.

interrupted and said: "Your Honor, I would like to withdraw that and go to trial because I'm not really guilty of this."

The court replied that it was not going to permit the defendant to withdraw the plea. Defense counsel strenuously objected to this ruling and asked for a jury trial. The court overruled the objection and directed the prosecutor to present the statement of facts. After the facts were presented the court asked defense counsel if he had "any additions, corrections or alterations." Defense counsel noted a couple of corrections; after he completed his remarks, the court determined that the guilty plea was valid and a guilty verdict was rendered.

## Issue Presented

The issue presented in this case is whether the circuit court erred in refusing to allow the defendant to withdraw his guilty plea.

## Discussion

"Plea Bargain" is a term of art that should be used with care and precision. In *Gray v. State*, 38 Md.App. 343, 356, 380 A.2d 1071 (1977), *cert. denied*, 282 Md. 732 (1978), this term of art was defined as follows:

> Traditionally, a "plea bargain" or "plea agreement" contemplates a conditional plea of guilty or nolo contendere to one or more pending charges, the condition usually being either the dismissal or lessening of other charges by one means or another, or some concession being made with respect to disposition, or both.

(Footnote omitted).

Plea bargains play an important role in the administration of both the Maryland and federal criminal justice systems. *See generally* J.E. Bond, *Plea Bargaining and Guilty Pleas* § 1 (1983). Plea agreements not only account for the prompt and final disposition of an overwhelming percentage

of criminal cases, but they also eliminate many of the risks, uncertainties and practical burdens of trial; permit the judiciary and prosecutor to concentrate their resources on those cases in which they are most needed; and further law enforcement by permitting the State to exchange leniency for information and assistance. *State v. Brockman*, 277 Md. 687, 693, 357 A.2d 376 (1976). When properly utilized, plea bargains aid the administration of justice and, within reason, should be encouraged. *Id.*

In Maryland, the promise not to prosecute can only be made by the State's Attorney (or his authorized assistants, in his name) and only he can properly exercise that discretion to make a valid plea agreement. *Winkles v. State*, 40 Md.App. 616, 620–21, 392 A.2d 1173 (1978), *cert. denied*, 284 Md. 751 (1979); *Butler v. State*, 55 Md.App. 409, 417, 462 A.2d 1230 (1983). Once negotiated, plea bargains pass through three phases of revocability. First, prior to trial, plea bargains may generally be revoked by the parties without any reason. "A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." *Mabry v. Johnson*, 467 U.S. 504, 507, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984) (footnote omitted).

Plea agreements may not be revoked at will, however, after they are accepted by the court. Because a defendant's plea of guilt is an admission of conduct that satisfies the elements of a formal criminal charge, *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 1712 n. 5, 23 L.Ed.2d 274 (1969); *Sutton v. State*, 289 Md. 359, 364, 424 A.2d 755 (1981), once accepted, it is the equivalent of a conviction. *English v. State*, 16 Md.App. 439, 444 n. 3, 446, 298 A.2d 464 (1973), *cert. granted*, 268 Md. 748 (1973), *cert. dismissed as improvidently granted*, July 3, 1973. The defendant who pleads guilty waives significant constitution-

al rights [3] and, therefore, before accepting the plea, the trial court must satisfy itself that the defendant's plea of guilty was freely and voluntarily entered into, and that the acts admitted by the defendant satisfy the elements of the charge. *Sutton,* 289 Md. at 364–65, 424 A.2d 755; *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). Accordingly, in the second phase, after a plea is accepted but before the sentence is imposed, the decision whether to grant a request to withdraw the plea is discretionary with the trial judge. *Harris v. State,* 299 Md. 511, 515, 474 A.2d 890 (1984), *citing Palacorolle v. State,* 239 Md. 416, 420, 211 A.2d 828 (1965); *Blinken v. State,* 46 Md.App. 579, 582–83, 420 A.2d 997 (1980) *aff'd,* 291 Md. 297, 435 A.2d 86 (1981), *cert. denied,* 456 U.S. 973, 102 S.Ct. 2235, 72 L.Ed.2d 846 (1982); *Fontana v. State,* 42 Md.App. 203, 205, 399 A.2d 950, *cert. denied,* 285 Md. 729 (1979). *See also, Abrams v. Warden, Md. Penitentiary,* 333 F.Supp. 612 (D.Md.1971) (There is no absolute right to withdraw a guilty plea before the imposition of sentence. The right to do so is in the sound discretion of the trial court.).

In the final phase, once a sentence is imposed and the judgment is thereby rendered final, a plea may be revoked only upon a showing that it was involuntary or that the State neglected to fulfill a material promise. *Miller v. State,* 272 Md. 249, 253–55, 322 A.2d 527 (1974) (when the prosecution breaches a plea agreement, the defendant should be allowed to withdraw his guilty plea); *Mabry,* 467 U.S. at 509, 104 S.Ct. at 2547 (plea must be voluntary and knowing and when prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand); *Brady,* 397 U.S. at 747–48, 90 S.Ct. at

---

**3.** A defendant who pleads guilty waives his constitutional rights to a jury or court trial, to confront his accusers, and his privilege against self-incrimination. *Boykin,* 395 U.S. at 243, 89 S.Ct. at 1712; *Sutton,* 289 Md. at 365, 424 A.2d 755.

1468–69 (plea of guilty must be intelligent and voluntary to be valid).

■ In *Brady,* the Court stated the applicable standard as to the voluntariness of guilty pleas:

"[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)."

*Id.* at 755, 90 S.Ct. at 1472 *quoting Shelton v. United States,* 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc), *rev'd* on confession of error on other grounds, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958). Consequently, when the State fails to fulfill a promise relating to a guilty plea, the defendant may elect either to withdraw his guilty plea or have the agreement enforced at resentencing. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"); *Miller v. State,* 272 Md. at 255–56, 322 A.2d 527 (where the prosecutor violates a plea agreement, the defendant may at his option have the guilty plea vacated or he may elect to leave the plea standing and be resentenced). *See also, Banks v. State,* 56 Md.App. 38, 47–8, 466 A.2d 69 (1983); *Butler,* 55 Md.App. at 424, 462 A.2d 1230.

■ In the instant case, we are asked to decide the point at which the plea bargaining process passes from the first phase to the second phase of revocability. In other words, we are asked to determine how far a defendant may proceed in the plea bargaining process before he loses the right to unilaterally withdraw his guilty plea.

In *Gray v. State,* 38 Md.App. at 356–57, 380 A.2d 1071, we observed that:

[T]he court is not obliged to accept a guilty plea, and, indeed, is not permitted to accept it unless satisfied that it is voluntarily made *and that a factual basis exists for it.*

(Emphasis supplied). It follows that a defendant cannot be bound by his request to enter a guilty plea prior to the time when a trial court has authority to accept the plea. A trial court is not authorized to accept a guilty plea until there is compliance with the requirements of Md.Rule 4–242(c), *supra.*

In the case *sub judice,* when appellant stated his desire to withdraw his plea there had not been compliance with Rule 4–242(c)(2), *supra,* which requires a determination that there is "a factual basis for the plea." A finding under (c)(1) that the defendant's plea of guilty is voluntary, that he understands the nature of the charge and the consequences of the plea, is only the first step required before the court may accept the plea. *McCall v. State,* 9 Md.App. 191, 263 A.2d 19, *cert. denied,* 258 Md. 729 (1970). A factual basis for the plea must be determined by the court before a plea of guilty can be accepted and judgment entered. *Id.* at 200–01, 263 A.2d 19. Since there was not a factual basis for the plea at the time of the attempted withdrawal, the court had no authority to accept the plea and the defendant had an absolute right to withdraw his plea.

The defendant's request for withdrawal occurred after the trial court completed the *voir dire* of the guilty plea rights, but before the statement of facts was placed on the record. This was within the phase where the defendant has the right to withdraw his plea unilaterally. The trial court forced the facts into the record after the defendant had effectively withdrawn his plea. The trial court, in effect, forced the defendant to plead guilty. Clearly, the trial court had no authority to do this and, consequently, we hold that the trial court erred in refusing to permit the defendant to withdraw his plea.

204

APPLICATION FOR LEAVE TO APPEAL GRANTED. JUDGMENT REVERSED; COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.