**UNITED STATES COURT OF APPEALS**
**Filed 10/30/96**
**TENTH CIRCUIT**

MARLIN GORE,

     Petitioner-Appellant,

v.

RITA ANDREWS; and ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents-Appellees.

No. 96-6093
(D.C. No. CIV-95-1864-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Gore is a state inmate and a pro se litigant. He appeals the dismissal of his petition for habeas and we affirm.

Mr. Gore entered a guilty plea to two felonies. He attempted to appeal; however, he filed untimely a certified copy of the order of denial, and his appeal was dismissed. Mr. Gore suggested in his petition that his plea agreement was violated because the sentencing court failed to tell him he would have to register as a sex offender, and he furthermore contended his counsel was ineffective for failing to inform him of the consequences of his plea, *i.e.*, he failed to inform Mr. Gore about the post incarceration registration requirements.

The state court denied post conviction relief because Mr. Gore failed to appeal and failed to articulate any reason for his failure to file a direct appeal.

The district court opined that post incarceration registration as a sex offender is a collateral consequence of his conviction and is remedial in nature rather than punitive, and therefore necessarily concluded the sentencing court's and counsel's failure to advise him of the registration requirement did not actually prejudice him. It further found Mr. Gore procedurally defaulted his federal claims in state court in that Mr. Gore failed to show cause and prejudice and

-2-

further failed to show actual innocence.

Mr. Gore, in his appeal to this court, argues that as he received two seven-year sentences to run concurrently, "[t]his fact alone should raise question to the Petitioner's actual guilt." He further argues his guilty pleas should not be accepted because his pleas were not "knowingly entered" since he was not told he would have to register as a sex offender upon his discharge from prison.

Where a prisoner has defaulted his federal claims in state court, federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice would result from the alleged violation of federal law, or if he can demonstrate his actual innocence such that failure to consider his claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Gore attempts to argue the sentencing court's and counsel's failure to advise him of the sex offender registration requirement constituted cause and prejudice sufficient to overcome his procedural default. We cannot agree.

The sentencing court's failure to inform Mr. Gore of the registration requirement does not constitute prejudice sufficient to overcome his procedural

default. When accepting pleas, sentencing courts are not required to inform the defendant of collateral consequences of the plea, and the sentencing court's failure to advise the defendant of such collateral consequences does not render the plea any less knowing or voluntary. *Harris v. Allen*, 929 F.2d 560, 562 (10th Cir. 1991). We agree with the district court that the requirement Mr. Gore register as a sex offender is a collateral consequence of his plea. Because the sentencing court had no duty to inform Mr. Gore of the registration requirement, we cannot conclude Mr. Gore was prejudiced by his alleged lack of knowledge. *Id*.

Mr. Gore also claims his counsel's failure to inform him of the registration requirement constituted cause and prejudice sufficient to overcome his procedural default; this claim also must fail. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective, a defendant's claim of ineffective assistance of counsel cannot constitute cause sufficient to overcome a procedural default. *Coleman*, 501 U.S. at 752. "Cause" under the cause and prejudice test must be something external to the prisoner; attorney inadvertence is not "cause" because the attorney is the prisoner's agent when acting. *Id.* at 753. The prisoner must bear the risk of attorney error resulting in a procedural default so long as that error falls short of ineffective assistance. *Id.*

Counsel's failure to inform a client of collateral consequences of a guilty plea does not amount to ineffective assistance of counsel. *Varela v. Kaiser*, 976 F.2d 1357, 1358 (10th Cir. 1992), *cert. denied*, 507 U.S. 1039 (1993). The registration requirement is a collateral consequence of Mr. Gore's plea such that counsel's failure to inform him of the requirement cannot rise to the level of ineffective assistance. *Id.* As a result, the failure of Mr. Gore's counsel to inform him of the registration requirement did not "cause" Mr. Gore's procedural default under the cause and prejudice standard.

Mr. Gore has failed to show cause and prejudice for his procedural default. Mr. Gore has failed to make any showing of actual innocence. The judgment of the district court is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge