917 A.2d 133

**Johnnie Odell DAWSON**

v.

**STATE of Maryland.**

**No. 2306, Sept. Term 2004.**

Court of Special Appeals of Maryland.

March 1, 2007.

Lisa J. Sansone (Warren A. Brown, on the brief), Baltimore, for appellant.

Steven L. Holcomb (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Panel: MURPHY, C.J., MEREDITH, LAWRENCE F. RODOWSKY (Retired, specially assigned), JJ.

LAWRENCE F. RODOWSKY, J., Retired, Specially Assigned.

This appeal from the Circuit Court for Baltimore County presents the issue of whether Johnnie Odell Dawson, appellant, who had entered an *Alford* plea[1] to one count of child abuse, should have been permitted to withdraw his plea before sentencing. Appellant now presents a single question for our review:

"Whether the trial court erred in denying Appellant's Motion to Vacate Guilty Plea, where Appellant was not informed of the mandatory and automatic requirement that he register as a sex offender prior to entering his guilty plea?"

The State presents us with a different and more legally precise question:

"Did the lower court properly exercise discretion in denying Dawson's motion to withdraw his guilty plea?"

We answer "no" to appellee's question, and therefore remand for further proceedings not inconsistent with this opinion.

## Background

On June 8, 2004, appellant entered his *Alford* plea and was found guilty based upon a statement of facts in which it was

---

1. According to Black's Law Dictionary 78 (8th ed.2004), an *Alford* plea is a guilty plea that a defendant enters as part of a plea bargain, without actually admitting guilt. In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court held that such a plea is not considered compelled within the language of the Fifth Amendment if the plea represents a voluntary, knowing, and intelligent choice between the available options.

alleged that he (1) touched his sixteen-year-old stepdaughter's breasts on several occasions, and (2) on one occasion, he put his hand down her pants. On the day of the sentencing hearing, appellant learned, from reading the pre-sentence investigation report, that he would be required to register as a sex offender.[2] He notified the court that he wanted to withdraw his plea because he had not been advised—by his counsel, by the State, or by the court—that he would have to register as a sex offender. The circuit court continued the proceeding to allow appellant the opportunity to file a Motion to Withdraw Guilty Plea pursuant to Maryland Rule 4–242(g), quoted *infra*. On September 7, 2004, appellant filed his motion, which was heard by the circuit court on September 30, 2004. At that hearing, defense counsel told the court that he

---

**2.** Maryland Code, (2001, 2006 Cum.Supp.), § 11–704 of the Criminal Procedure Article, in pertinent part, provides:

§ **11–704. Registration required.**

"(a) *In general.*—A person shall register with the person's supervising authority if the person is:

"(1) a child sexual offender;

"(2) an offender;

"(3) a sexually violent offender;

"(4) a sexually violent predator;

"(5) a child sexual offender who, before moving into this State, was required to register in another state or by a federal, military, or Native American tribal court for a crime that occurred before October 1, 1995;

"(6) an offender, sexually violent offender, or sexually violent predator who, before moving into this State, was required to register in another state or by a federal, military, or Native American tribal court for a crime that occurred before July 1, 1997; or

"(7) a child sexual offender, offender, sexually violent offender, or sexually violent predator who is required to register in another state, who is not a resident of this State, and who enters this State:

"(i) to carry on employment;

"(ii) to attend a public or private educational institution, including a secondary school, trade or professional institution, or institution of higher education, as a full-time or part-time student; or

"(iii) as a transient.

"(b) *No longer subject to registration.*—Notwithstanding any other provision of law, a person is no longer subject to registration under this subtitle if:

"(1) the underlying conviction requiring registration is reversed, vacated, or set aside; or

"(2) the registrant is pardoned for the underlying conviction."

did not "recall having reviewed with [appellant] the whole subject matter about registration as a sex offender." [3] Defense counsel, at the conclusion of the hearing, told the court:

"I have one brief comment. I'm not without fault here. I certainly understand that it is something that I was obligated to say to my client. I don't recall having a sex offense case within the last couple of years where the issue came up and it slipped by me."

At that hearing, even before the court heard appellant testify, it said, "I know that I didn't advise him and I don't think anybody in this case advised him. I have never done it before." In that colloquy, the court further said:

"[Appellant] can take the stand and say nobody told me. I know that I didn't tell him and you didn't tell him. So, *the key is—is that a requirement of a guilty plea. That's the key.*"

(Emphasis added).

When the State argued that the first issue was whether the court actually believed that appellant had never been advised of the registration requirement, the court replied:

"I don't know why I have to believe that. I just have to decide *whether that is a critical issue or not.*

"I think you are trying to make me make a finding that I don't know that I need to make. A guilty plea requires me to do certain things. Is that one of them or not?

"It doesn't make a difference whether he wants to withdraw it because he believes—I don't know what he believes, and I don't know if it makes any difference what he believes.

"*Am I required to notify him that he is required to register as a sex offender when I advise him. I think that's the key to this thing.*

---

**3.** In the circuit court, until after the conclusion of the hearing on the motion to withdraw appellant's guilty plea, appellant was represented by counsel other than his present counsel.

*"If I am, then he gets the right to withdraw it. If I'm not required, then he doesn't have the right to withdraw it.* Really, I don't know. Are you all trying to make this more complex than that?"

(Emphasis added).

When explaining its ruling denying the Motion to Withdraw the Guilty Plea, the court referred to three decisions from other jurisdictions on which it was relying, and the court inserted computer printouts of those decisions in the court file. They are *Gore v. Andrews,* No. 96–6093, 1996 WL 627323 (10th Cir.Okla.1996) (unpublished); *Hepner v. Dretke,* No. Civ.A: 403CV1420A, 2004 WL 765941 (N.D.Tex.2004) (unpublished); and *Mitschke v. State,* 129 S.W.3d 130 (Tex.Crim.App. 2004), all discussed *infra.*

The court denied the motion on the following rationale:

"The trial Court is not required to admonish the defendant of every possible consequence of the plea—if punitive in nature or specifically enunciated in the law—which I repeat. Sex offender registration is remedial and is a necessary and a collateral consequence.

"Therefore, there is no need to determine what is defendant's automatic consequence and failure to give this information did not render a guilty plea involuntary.

"There is a lot of case law outside Maryland on it. I don't know what Maryland says about it, but it seems to be—I didn't find one case that said the opposite of that finding, so providing that it is remedial in nature and not punitive and a collateral consequence of the plea and there is no other allegation of his plea not being knowingly, intelligently and voluntarily entered, and that not be being—and that not rendering his plea not knowingly, intelligently given, I am going to deny his motion. I will leave these in the file."

Appellant ultimately was sentenced to two years imprisonment, all of which was suspended (except two months of home detention) on condition that he complete a three-year period of supervised probation.

On December 17, 2004, appellant filed an Application for Leave to Appeal, which this Court granted on March 18, 2005.

■■■■■■ **639**

The requirement that appellant register as a sex offender has been stayed pending further order of the circuit court.

## Standard of Review

■■■ Ordinarily, the abuse of discretion standard is applicable to appellate review of the denial of a Motion to Vacate Guilty Plea:

"The defendant who pleads guilty waives significant constitutional rights and, therefore, before accepting the plea, the trial court must satisfy itself that the defendant's plea of guilty was freely and voluntarily entered into, and that the acts admitted by the defendant satisfy the elements of the charge. *Sutton [v. State]*, 289 Md. [359,] 364–65, 424 A.2d 755[, 758–59]; *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 [, 756] (1970). Accordingly, in the second phase, after a plea is accepted but before the sentence is imposed, the decision whether to grant a request to withdraw the plea is discretionary with the trial judge. *Harris v. State*, 299 Md. 511, 515, 474 A.2d 890[, 892] (1984), *citing Palacorolle v. State*, 239 Md. 416, 420, 211 A.2d 828[, 830] (1965); *Blinken v. State*, 46 Md.App. 579, 582–83, 420 A.2d 997[, 999–1000] (1980) *aff'd*, 291 Md. 297, 435 A.2d 86 (1981), *cert. denied*, 456 U.S. 973, 102 S.Ct. 2235, 72 L.Ed.2d 846 (1982); *Fontana v. State*, 42 Md.App. 203, 205, 399 A.2d 950[, 951], *cert. denied*, 285 Md. 729 (1979). *See also*, *Abrams v. Warden, Md. Penitentiary*, 333 F.Supp. 612 (D.Md.1971) (There is no absolute right to withdraw a guilty plea before the imposition of sentence. The right to do so is in the sound discretion of the trial court)."

*Custer v. State*, 86 Md.App. 196, 200–01, 586 A.2d 51, 53–54 (1991) (footnote omitted).

■■■ The trial court, however, does not have discretion to deny a motion to withdraw filed by a defendant whose guilty plea was not entered in compliance with Md. Rule 4–242 which, in pertinent part, provides: [4]

---

**4.** This rule is based upon Federal Rules of Criminal Procedure, Rule 11(d), which provides:

"**Rule 4–242. Pleas.**

"(a) **Permitted pleas.** A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. In addition to any of these pleas, the defendant may enter a plea of not criminally responsible by reason of insanity.

. . . .

"(c) **Plea of guilty.** The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. In addition, before accepting the plea, the court shall comply with section (e) of this Rule. The court may accept the plea of guilty even though the defendant does not admit guilt. Upon refusal to accept a plea of guilty, the court shall enter a plea of not guilty.

. . . .

"(e) **Collateral Consequences of a Plea of Guilty or Nolo Contendere.** Before the court accepts a plea of guilty or nolo contendere, the court, the State's Attorney, the attorney for the defendant, or any combination thereof shall advise the defendant (1) that by entering the plea, if the defendant is not a United States citizen, the defendant may face additional consequences of deportation, detention, or ineligibility for citizenship and (2) that the defendant should consult with defense counsel if the defendant is represented and needs additional information concerning the potential

---

"(d) **Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere:

"(1) before the court accepts the plea, for any reason or no reason; or

"(2) after the court accepts the plea, but before it imposes sentence if:

"(A) the court rejects a plea agreement under Rule 11(c)(5); or

"(B) the defendant can show a fair and just reason for requesting the withdrawal."

consequences of the plea. The omission of advice concerning the collateral consequences of a plea does not itself mandate that the plea be declared invalid.

. . . .

"(g) **Withdrawal of plea.** *At any time before sentencing, the court may permit a defendant to withdraw a plea of guilty or nolo contendere when the withdrawal serves the interest of justice.* After the imposition of sentence, on motion of a defendant filed within ten days, the court may set aside the judgment and permit the defendant to withdraw a plea of guilty or nolo contendere if the defendant establishes that the provisions of section (c) or (d) of this Rule were not complied with or there was a violation of a plea agreement entered into pursuant to Rule 4–243. The court shall hold a hearing on any timely motion to withdraw a plea of guilty or nolo contendere."

(Emphasis added).

## Appellant's Contentions

Appellant's arguments in this Court essentially resolve into two contentions: (I) in light of the offense for which he was convicted, registering as a sex offender violates the statutory scheme, and (II) failure to inform him of the registration requirement renders his plea involuntary.

## I

■ According to appellant, because (1) he pled guilty to a general, "non-sexual" crime, and (2) all of the sexual offenses were dropped, "it is clear that the requirement that Appellant register as a sex offender violates ... the statutory scheme." In *Cain v. State*, 386 Md. 320, 872 A.2d 681 (2005), a defendant convicted of second degree assault was ordered to register as a sex offender.[5] The Court of Appeals vacated that order,

---

**5.** The defendant had agreed to plead guilty to second degree assault, the elements of which are unlawful application of force to another person without implication of sexual conduct involving a minor. *Cain,* 386

holding that "[i]n order to qualify a person as an offender pursuant to § 11–701(d)(7), there must be something more than an assault." *Id.* at 338, 872 A.2d at 692.

The State argues that appellant can be ordered to register because he was charged with child abuse under Maryland Code (1957, 1996 Repl.Vol., 2001 Cum.Supp.), Article 27, § 35C, rather than under Maryland Code (2002), § 3–601 of the Criminal Law Article (CL). We agree with that argument. Article 27, § 35C, in pertinent part, provided:

" 'Abuse' means:

"(i) The sustaining of physical injury by a child as a result of cruel or inhumane treatment or as a result of a malicious act by any parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child, or by any household or family member, under circumstances that indicate that the child's health or welfare is harmed or threatened thereby; or

"(ii) Sexual abuse of a child, whether physical injuries are sustained or not."

Appellant was charged with violations that allegedly occurred prior to the date on which CL § 3–601 took effect. Because this is not a case in which the alleged abuse is completely unrelated to a sexual offense, he can be ordered to register.

## II

 Appellant's second contention, that failure to advise of the registration requirement renders his guilty plea unknowing or involuntary, raises a constitutional issue. In *Yoswick v. State,* 347 Md. 228, 700 A.2d 251 (1997), Yoswick sought post-conviction relief on the ground that his guilty plea was constitutionally defective because he had not been advised by the trial court that, as a result of his convictions for attempted murder and kidnapping, he would be ineligible for

---

Md. at 340, 872 A.2d at 692–93. The State entered a *nolle prosequi* on the other charges of child abuse and a sexual offense.

parole for fifteen years. The ultimate principle that Yoswick sought to have applied to his case introduced the Court's analysis.

"To be valid, a plea of guilty must be made voluntarily and intelligently, *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274, 279 (1969), with knowledge of the direct consequences of the plea. *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 760 (1970); *Hudson v. State,* 286 Md. 569, 595, 409 A.2d 692, 705 (1979), *cert. denied,* 449 U.S. 845, 101 S.Ct. 128, 66 L.Ed.2d 53 (1980). To ensure that a plea is valid, Maryland Rule 4–242 requires either the court or counsel to ask the defendant questions concerning the voluntariness of the plea.

. . . .

" . . . The imposition of a sentence may have a number of collateral consequences and a plea of guilty is not rendered involuntary in the constitutional sense if the defendant is not informed of the collateral consequences."

*Id.* at 239–40, 700 A.2d at 256. The *Yoswick* Court concluded that the effect of the convictions on parole eligibility was a collateral consequence as to which advice was not required, constitutionally, so that the convictions were insulated from collateral attack.

In the instant matter, the parties have devoted much of their respective briefs to reviewing decisions from many jurisdictions that address whether a particular jurisdiction's sex offender registration statute is punitive or remedial and whether registration is a direct or collateral consequence of the conviction. Appellate courts do not decide constitutional questions, however, where the case can be decided on non-constitutional grounds. *See Koshko v. Haining,* —— Md. ——, —————, ————, —— A.2d ——, ————, ———— ——, 2007 WL 93237 (2007)(op. at 23–24, 42–44); *Burch v. United Cable Television of Baltimore Ltd. P'ship,* 391 Md. 687, 695–96, 895 A.2d 980, 984–85 (2006); *Jordan Towing, Inc. v. Hebbville Auto Repair, Inc.,* 369 Md. 439, 461 n. 20, 800

A.2d 768, 781 n. 20 (2002). Here, the precise issue before us can be decided on non-constitutional grounds.

Appellant is aggrieved because the circuit court denied his Motion to Withdraw Guilty Plea. That motion was filed before sentencing and, thus, before there was any judgment of conviction. In that posture of a criminal cause, "the court may permit a defendant to withdraw a plea of guilty ... when the withdrawal serves the interest of justice." Rule 4–242(g). As our review of the record of the hearing on the withdrawal motion makes plain, the circuit court did not utilize the applicable standard. Instead, the circuit court, as have the parties on this appeal, became caught up in the arguments over whether the constitutional requirements for a knowing and voluntary guilty plea include disclosure of a sex offender registration requirement. The standard for applying Rule 4–242(g), prior to judgment, is not limited to constitutional violations.

The decisions from other jurisdictions that the circuit court relied upon, and indeed abstracted, in explanation of its ruling, are not cases in which the defendant sought to withdraw a guilty plea prior to sentencing. *Gore v. Andrews, supra,* 1996 WL 627323, is a federal habeas corpus case, brought after the state courts had denied post-conviction relief. The Tenth Circuit held that sex offender registration is a collateral consequence of the plea so that "the sentencing court's failure to advise the defendant of such collateral consequences does not render the plea any less knowing or voluntary." *Id.* at 1.

*Hepner v. Dretke,* 2004 WL 765941 (N.D.Tex.2004), presented a collateral challenge that was even further removed from the guilty plea than that in *Gore.* Hepner had pled guilty to a sex offense, had been sentenced, and had served his sentence. On release, he did not register, resulting in his subsequent conviction and sentence for failure to register. While serving the latter sentence, he sought and was denied state habeas corpus relief and, in the decision under consideration, denied federal habeas corpus relief. The court held that it had no jurisdiction to entertain the petition, but, in a footnote, the

court referred favorably to *Mitschke v. State,* 129 S.W.3d 130, where the court held that there was no constitutional requirement to advise concerning registration when accepting a guilty plea from a sex offender.

The trial court also had a copy of the *Mitschke* decision filed in the record. The Texas court's rationale is that the registration requirement is non-punitive and that "failure to admonish does not necessarily rendered a plea involuntary." *Id.* at 136. Not without relevance to the issue before us under Maryland Rule 4–242(g), the Texas court noted that a 1999 statute, which was not in effect at the time of Mitschke's trial, required an admonition as to sex offender registration.

In the matter before us, the circuit court did not recognize that it could exercise discretion when ruling on appellant's motion. Instead, it treated the issue before it as a question of law and essentially required the appellant to meet a constitutional standard, as if the appellant were making a collateral attack on a judgment of conviction. The failure of a trial court to recognize that it may exercise discretion is an abuse of discretion. *See Beverly v. State,* 349 Md. 106, 127, 707 A.2d 91, 101 (1998); *Gunning v. State,* 347 Md. 332, 351, 701 A.2d 374, 383 (1997); *Maus v. State,* 311 Md. 85, 108, 532 A.2d 1066, 1077 (1987); *Colter v. State,* 297 Md. 423, 426, 466 A.2d 1286, 1288 (1983).

For the foregoing reasons, we shall remand this criminal cause to the circuit court for a new hearing at which the circuit court shall apply the standard under Rule 4–242(g). In addition to hearing argument from the parties, the court may, in its discretion, take evidence with respect to the detriment to the State and the victim, if withdrawal of the guilty plea is permitted, and the detriment to the appellant if withdrawal of the guilty plea is denied.

Also relevant to the exercise of discretion is the following passage from *Young v. State,* 370 Md. 686, 806 A.2d 233 (2002). There, the Court held on certiorari review of a direct appeal that the failure to admonish concerning the prescribed registration for sex offenders does not constitute "punishment

in the constitutional sense," *id.* at 716, 806 A.2d at 250, and thus, is not subject to the procedures for determining enhanced punishment laid down in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Nevertheless, the *Young* Court said:

"Our conclusion that § 792 is not punitive and does not violate the strictures of *Apprendi* should not be construed as holding that the sex offender registration and community notification statute does not violate due process in any way, particularly in light of the newly initiated Internet notification, which threatens widespread disclosure of highly personal data and may implicate social ostracism, loss of employment opportunities, and possibly verbal and physical harassment. It is arguable that widespread Internet community notification stigmatizes registrants and implicates liberty and privacy interests that would satisfy the 'stigma plus' test utilized to analyze civil due process challenges in many of the federal circuits, therefore requiring certain procedural due process protections beyond those provided in the statute prior to community notification. *See, e.g., Noble v. Board of Parole and Post–Prison Supervision,* 327 Or. 485, 964 P.2d 990 (1998) (holding that the parole board's designation of an individual as a 'predatory sex offender' for the purpose of the Oregon community notification statute implicated a liberty interest entitling a sex offender, as a matter of procedural due process, to notice and a hearing prior to designation); *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 762, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774[, 789] (1989) (recognizing a privacy right in the 'individual interest in avoiding disclosure of personal matters,' even if such information is available in public records); *Paul v. Davis,* 424 U.S. 693, 706, 96 S.Ct. 1155, 1163, 47 L.Ed.2d 405 [, 416] (1976); *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515[, 519] (1971); *Doe [v. Attorney Gen.,* 426 Mass. 136], 686 N.E.2d [1007,] 1013–14 [ (1997) ] (discussing privacy interests in information that is publically available); Wayne A. Logan, *Liberty Interests in*

*the Preventive State: Procedural Due Process and Sex Offender Community Notification Laws,* 89 J.Crim. L. & Criminology 1167, 1176 n. 45 (1999); *see generally Shields v. Burge,* 874 F.2d 1201, 1209 (7th Cir.1989) (referring to privacy interests in 'confidentiality' and 'autonomy')."

370 Md. at 718 n. 13, 806 A.2d at 252 n. 13.

For the foregoing reasons, we remand.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY VACATED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY BALTIMORE COUNTY.**

Concurring & Dissenting Opinion by MURPHY, C.J.

I agree that the judgment of the circuit court must be vacated. I would hold, however, that (1) appellant is entitled to withdraw his *Alford* plea, (2) the State is entitled to proceed against appellant as if no plea bargaining had occurred, and (3) if appellant is convicted, he must register as a sex offender. I would not ground this holding on either the federal or the Maryland Constitution, but rather on the language of Md. Rule 4–242.

In my opinion, Md. Rule 4–242 does not provide the trial court with "discretion" to deny the defendant's motion to withdraw a plea of guilty when—as is the situation in the case at bar—the record shows that (1) "the consequences of the plea" include a requirement that the defendant register as a sex offender, (2) the defendant was not advised of that requirement during the open court proceeding in which the court determined that the defendant had "voluntarily" entered the guilty plea, (3) *prior* to the imposition of sentence, the defendant moves to "withdraw" the guilty plea, asserting that no such plea would ever have been entered if the defendant had been informed that the "registration" requirement was a mandatory consequence of the conviction, (4) the court finds that assertion to be true, and (5) the State is unable to establish that it has suffered any prejudice other than the

mere inconvenience associated with getting its witnesses back to the courthouse.