Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**MONWELL DOUGLAS**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MONWELL DOUGLAS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1107-PC-388 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-0607-PC-150

**May 21, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Monwell Douglas ("Douglas") was convicted of murder and is serving a sixty-year sentence in the Department of Correction. Douglas subsequently filed in Howard Superior Court a pro se petition for post-conviction relief alleging that he was denied the effective assistance of appellate counsel. His petition was denied and Douglas appeals pro se. Concluding that Douglas was not subjected to ineffective assistance of appellate counsel, we affirm.

**Facts and Procedural History**

Facts relevant to Douglas's appeal of the denial of his petition for post-conviction relief are set forth in his direct appeal of his murder conviction.

> At approximately 1:00 a.m. on November 1, 2003, Desmond Williams, Raphael Echols, Tahisia Williams,[1] and Douglas were at the Ultimate Place 2 B in Kokomo. From there, they individually drove to the Nu Tro Zone, to an "after party." Tr. p. 485. Tahisia arrived first, and when Echols, her boyfriend, arrived, she got in the passenger seat of his car. Desmond then walked up to Echols's car and asked to use Echols's cell phone. Echols gave Desmond his phone, and Desmond sat on the hood of Echols's car and used the phone. As Tahisia was getting out of the car and Desmond turned around to return the phone, Douglas approached the driver's side of Echols's car and shot Echols. Echols retrieved a gun from the back seat of his car, got out on the passenger side of the car, fired shots into the air, and then fell over. While they were waiting for an ambulance, Desmond threw Echols's gun into a grassy area away from Echols. Shortly after arriving at the hospital, Echols died.
> On November 3, 2003, the State charged Douglas with murder. A jury found Douglas guilty, and the trial court sentenced him to sixty-five years.

Douglas v. State, No. 34A02-0504-CR-360, Slip op. at 2-3 (Ind. Ct. App. Dec. 22, 2005).

---

[1] Tahisia Williams is not related to Desmond Williams.

On direct appeal, Douglas's appellate counsel raised the following five issues: 1) whether the trial court properly admitted photographs of the victim taken at the hospital; 2) whether the trial court properly allowed testimony from a witness who was not listed on the State's witness list; 3) whether the trial court properly refused Douglas's tendered instruction on the State's alleged "failure to produce evidence;" 4) whether two witnesses' testimony was incredibly dubious; and 5) whether Douglas's sixty-five year sentence was inappropriate. Our court affirmed Douglas's conviction, but concluded that his sentence was inappropriate and remanded the case to the trial court with instructions to reduce his sentence to sixty years. On February 3, 2006, the trial court entered a revised sentencing statement as ordered by our court.

On July 12, 2006, Douglas filed a pro se petition for post-conviction relief, and the post-conviction court appointed the State Public Defender to represent Douglas at his request. But the State Public Defender's Office was allowed to withdraw its appearance on January 18, 2011, and Douglas then filed an amended petition for post-conviction relief and requested an evidentiary hearing. In the amended petition, Douglas alleged that his appellate counsel was ineffective for failing to raise the following two issues on direct appeal: 1) the charging information did not allege that Douglas "knowingly or intentionally" killed the victim; and 2) that the judge who presided over the murder trial was biased because the same judge made the probable cause finding for the murder charge.

The post-conviction court held a hearing on Douglas's amended petition on May 19, 2011. Douglas's appellate counsel testified at the hearing and stated that the issues

3

raised in Douglas's amended petition lacked merit; therefore, he did not raise them on direct appeal. On July 5, 2011, post-conviction court denied Douglas's petition, and Douglas now appeals.

**Discussion and Decision**

The petitioner in a post-conviction proceeding bears the burden of proving the grounds for relief by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). Douglas is appealing a negative judgment; therefore, he must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643–44. "Although we do not defer to the post-conviction court's legal conclusions, a post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." State v. Damron, 915 N.E.2d 189, 191 (Ind. Ct. App. 2009), trans. denied. Post-conviction proceedings do not afford a petitioner with a "super-appeal." Williams v. State, 808 N.E.2d 652, 659 (Ind. 2004).

To prevail on a claim of ineffective assistance of counsel, Douglas must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. Coleman v. State, 694 N.E.2d 269, 272 (Ind. 1998) (citing Strickland v. Washington, 466 U.S. 668 (1984)). There is a strong presumption that counsel rendered adequate assistance. Id. "Evidence of isolated poor strategy, inexperience or bad tactics will not support a claim of ineffective assistance." Id. at 273.

4

To establish the prejudice prong of the test, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Sims v. State, 771 N.E.2d 734, 741 (Ind. Ct. App. 2002), trans. denied. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Prejudice exists when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable." Coleman, 694 N.E.2d at 272. This standard applies to both claims of ineffective assistance of trial and appellate counsel. Rhoiney v. State, 940 N.E.2d 841, 845 (Ind. Ct. App. 2010), trans. denied.

Our supreme court has recognized three types of ineffective assistance of appellate counsel: (1) denial of access to appeal; (2) failure to raise issues that should have been raised; and (3) failure to present issues well. Wrinkles v. State, 749 N.E.2d 1179, 1203 (Ind. 2001).

> When a petitioner claims the denial of effective assistance of appellate counsel because counsel did not raise issues the petitioner argues should have been raised, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable. But this does not end our analysis. Even if we determine that counsel's choice of issues was not reasonable, a petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different in order to prevail.

Taylor v. State, 840 N.E.2d 324, 338 (Ind. 2006) (citations and quotation marks omitted). We must determine "(1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are clearly stronger than the raised

5

issues." Gray v. State, 841 N.E.2d 1210, 1214 (Ind. Ct. App. 2006) (citation omitted), trans. denied.

First, Douglas claims that his appellate counsel was ineffective for failing to challenge the defective charging information on direct appeal. Specifically, the charging information omitted the requisite mens rea element for murder, i.e. that Douglas "knowingly or intentionally" killed the victim. See Ind. Code § 35-42-1-1.

We certainly agree that there was a defect in the charging information. But it is also well settled that a charging information that "enables an accused, the court, and the jury to determine the crime for which conviction is sought satisfies due process. Errors in the information are fatal only if they mislead the defendant or fail to give him notice of the charge filed against him." Dickenson v. State, 835 N.E.2d 542, 550 (Ind. Ct. App. 2005), trans. denied (citations omitted).

We cannot conclude that appellate counsel's failure to raise the issue was ineffective, particularly given the fact that trial counsel waived the issue during the trial proceedings. And despite the defect in the charging information, Douglas does not argue that he was misled or lacked notice of the murder charge filed against him. Importantly, the jury was properly instructed both in the preliminary and final instructions that the State had to prove that Douglas "knowingly or intentionally" killed Echols. Moreover, the evidence introduced at trial leads only to the conclusion that Douglas "knowingly or intentionally" killed Echols. He shot Echols multiple times at close range. For these reasons, Douglas cannot establish that he was prejudiced by the defect in the charging

6

information, and therefore, had the issue been raised on direct appeal, Douglas would not have prevailed.

Douglas also argues that his appellate counsel was ineffective for failing to argue that the judge who presided over his trial should have recused herself because the same judge found probable cause to believe that Douglas committed the murder in question. The probable cause affidavit at issue in this case stated that an eyewitness saw Douglas shoot the victim multiple times at close range and that the victim died as a result of the shooting. After reviewing the affidavit, the trial court found probable cause to believe that Douglas had committed the crime of murder, i.e. a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability" that the suspect has committed the crime. Shotts v. State, 925 N.E.2d 719, 723 (Ind. 2010); see also Ware v. State, 859 N.E.2d 708, 720 (Ind. Ct. App. 2007) (stating "[t]he amount of evidence necessary to meet the probable cause requirement . . . is determined on a case-by-case basis, and is less than the level of proof necessary to establish guilt beyond a reasonable doubt"), trans. denied (citation omitted).

Importantly, the trial court did not determine Douglas's guilt when making the probable cause determination. And our courts have long held that "participation of a judge in a probable cause determination does not necessarily disqualify him [or her] from trying the case on the merits." See, e.g., Jones v. State, 416 N.E.2d 880, 881 (Ind. Ct. App. 1981). Ultimately, the finding of guilt in this case was not made by the trial judge, but by a jury of Douglas's peers. Douglas has not cited any portions of the trial record to support his argument that the trial judge should have recused herself. In other words,

Douglas has not established that there is any evidence in the record that would lead us to conclude that the trial judge was disqualified from trying the case after making the probable cause determination. There is simply no merit to Douglas's claim that his appellate counsel was ineffective for failing to raise this issue on direct appeal of his conviction.

For all of these reasons, we conclude that Douglas has not shown that his appellate counsel rendered ineffective assistance. The post-conviction court's denial of Douglas's petition is affirmed.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.